J-S47028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KURT DOUGLAS REICHENBACH, II | |
| Appellant | No. 191 MDA 2015 |

Appeal from the Judgment of Sentence September 23, 2014
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000240-2012

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KURT DOUGLAS REICHENBACH, II | |
| Appellant | No. 192 MDA 2015 |

Appeal from the Judgment of Sentence September 23, 2014
In the Court of Common Pleas of Union County
Criminal Division at No(s): CP-60-CR-0000243-2012

BEFORE:  ALLEN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 28, 2015**

Kurt Douglas Reichenbach, II, brings these consolidated appeals from

the judgments of sentence, imposed on September 23, 2014, in the Union

---

[*] Retired Senior Judge assigned to the Superior Court.

County Court of Common Pleas, following his guilty pleas, in two separate cases, to charges of possession with intent to deliver controlled substances.[1] The trial court sentenced Reichenbach to an aggregate term of five years' probation. On appeal, he contends the trial court imposed an illegal condition as part of his probationary sentence. For the reasons that follow, we affirm.

The facts underlying this appeal are as follows.[2] Reichenbach was the owner/operator of two Grasshopper Gift Shops, one located in State College, Pennsylvania, and the other located in Lewisburg, Pennsylvania.[3] The Pennsylvania Office of Attorney General, in conjunction with local authorities, began investigating the stores after receiving complaints from several citizens that Reichenbach was selling synthetic marijuana from the Lewisburg store. *See* N.T., 8/16/2012, at 32. From October 2011 through May 2012, the investigators conducted several controlled purchases of synthetic marijuana from the Lewisburg store. During the investigation, they learned Reichenbach was also selling the product at his State College

_____

[1] 35 P.S. § 780-113(a)(30).

[2] Reichenbach neglected to request that the notes of testimony from the guilty plea hearing be transcribed. Therefore, we have gleaned the relevant facts from his preliminary hearing transcript. *See* N.T., 8/16/2012.

[3] Reichenbach's wife, Kristine Reichenbach, managed the Lewisburg store, and was also charged in connection with these crimes. *See* N.T., 8/16/2012, at 13.

store. Thereafter, the Pennsylvania State Police conducted several controlled buys from the State College store. On February 22, 2012, the troopers executed a search warrant of the State College store where they seized, *inter alia*, 13 packets of synthetic marijuana, controlled buy money, and tax statements showing Reichenbach was the owner of the store. **Id.** at 23-24. A search warrant of the Lewisburg store was executed on May 3, 2012, during which investigators seized 23 packets of synthetic marijuana. **Id.** at 37-38. The investigators also recovered "a very large amount of drug paraphernalia" including, "[s]moking pipes, pot pipes, bongs, parts and supplies for the pot pipes[,] synthetic urine kits[,] and an array of concealment devices that would look like regular products, like Coke cans[.]" **Id.** at 62. Finally, the officers obtained and executed a search warrant on Reichenbach's car from which they recovered 93 additional packets of synthetic marijuana, as well as several pill bottles containing "a wide array of drugs, prescription drugs." **Id.** at 63-64.

Reichenbach and Kristine Reichenbach were arrested and charged with a number of offenses.[4] At Docket No. 240-2012, Reichenbach was charged

_____

[4] Reichenbach's and his wife's cases were consolidated in October of 2012. On July 15, 2014, Kristine Reichenbach entered a guilty plea to four counts of possession of controlled substances on Docket Nos. 241-2012 and 244-2012. On September 23, 2012, she was sentenced to an aggregate term of four years' probation and 200 hours of community service. From our review of the trial court docket, it does not appear she has appealed her sentence.

with PWID and possession of controlled substances[5] for the activities originating from the State College store. At Docket No. 243-2012, Reichenbach was charged with numerous crimes, including PWID, manufacturing designer drugs, conspiracy, and dealing in unlawful proceeds,[6] for the activities originating from the Lewisburg store. The cases were consolidated for trial, and following the denial of several pre-trial motions,[7] Reichenbach entered a negotiated guilty plea on May 15, 2014, to one count of PWID at each docket. In exchange for the plea, the Commonwealth agreed the maximum sentence Reichenbach would receive would be five years' probation. On September 23, 2014, in accordance with the plea agreement, the trial court sentenced Reichenbach at each docket to two and one-half years' probation, 150 hours of community service, and a $1,500.00 fine, and directed the probationary terms run consecutive to each

_____

[5] 35 P.S. §§ 780-113(a)(30) and (a)(16), respectively.

[6] 35 P.S. §§ 780-113(a)(30) and (a)(36), and 18 Pa.C.S. §§ 903 and 5111(a)(1), respectively.

[7] With respect to the various motions, Reichenbach asserted, *inter alia*, (1) he believed the synthetic marijuana was legal to sell; (2) the alleged illegal compound found in the synthetic marijuana should not have been designated as a schedule one controlled substance; and (3) 35 P.S. § 780-104(1)(vii) is void for vagueness because it defines a schedule one controlled substance as, *inter alia*, an "analogue" of JWH-108. *See* Motion for Habeas Corpus Relief, 12/5/2012; Motion to Preclude Commonwealth Expert from Testifying on the Issue of Cogners or in the Alternative Schedule Another Day to Argue the Issue of Cogners, 4/1/2013; Motion for **Frye** Hearing/Motion to Exclude the Testimony of Michael J. Coyer, PhD., 7/15/2013.

other.[8]    Further, as a special condition of probation, the court ordered Reichenbach "shall not sell any devices that can be utilized for the consumption of illegal drugs or controlled substances."    Sentencing Order, 9/23/2014, at 2.

On October 2, 2014, Reichenbach filed a timely post-sentence motion, challenging only the special condition.   Following a hearing on December 29, 2014, the trial court granted Reichenbach's post-sentence motion, and modified the special condition of probation to read as follows:

> [Reichenbach] shall not sell or possess any devices - - any pipes, bongs, or the like that are traditionally used for the consumption of mari[j]uana or controlled substances, such as the devices seized by the Commonwealth in this case for the crimes of which [Reichenbach] has been convicted.

Order, 12/29/2014 at 1-2.   This timely appeal followed.[9]

In the sole issue raised on appeal, Reichenbach asserts the trial court imposed an illegal condition of probation when it prohibited him from selling or possessing items traditionally used for the consumption of controlled

_____

[8] The negotiated sentence fell below the mitigated range of the sentencing guidelines.   *See* Guideline Sentence Form, 9/23/2014 (listing standard range of 12 to 18 months' imprisonment, with a mitigated range of 9 months' incarceration).

[9] On January 28, 2015, the trial court ordered Reichenbach to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Reichenbach complied with the trial court's directive, and filed a concise statement on February 6, 2015.   The trial court did not, however, file an opinion.   Nevertheless, based on the nature of the claim, our ability to review this case is not impeded by the lack of a trial court opinion.

substances because, he contends, the restriction is both vague and overbroad. Although he frames this issue as a legality of sentencing claim, this Court has found that a challenge to a special condition of probation implicates the discretionary aspects of sentencing. *Commonwealth v. Houtz*, 982 A.2d 537, 539 (Pa. Super. 2009); *Commonwealth v. Hermanson*, 674 A.2d 281, 283 (Pa. Super. 1996).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013). A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted).

Here, Reichenbach filed a timely notice of appeal and preserved his claim in a post-sentence motion. Although he neglected to include in his brief a concise statement of reasons relied upon for allowance of appeal as required by Pa.R.A.P. 2119(f), we will overlook this omission since the Commonwealth failed to object. **Hermanson**, **supra**, 674 A.2d at 283. Furthermore, because Reichenbach contends his sentence is inconsistent with a specific provision of the Sentencing Code, namely 42 Pa.C.S. § 9754(c), we find he has raised a substantial question for our review. **See Commonwealth v. Fullin**, 892 A.2d 843, 853 (Pa. Super. 2006). Therefore, we may proceed to consider Reichenbach's challenge to the conditions imposed on his probationary sentence.[10]

Preliminarily, we note:

> A probation order is unique and individualized. It is constructed as an alternative to imprisonment and is designed to rehabilitate a criminal defendant while still preserving the rights of law-abiding citizens to be secure in their persons and property. When conditions are placed on probation orders they are formulated to insure or assist a defendant in leading a law-abiding life.
>
> **Commonwealth v. Koren**, 435 Pa.Super. 499, 646 A.2d 1205, 1208–1209 (1994) (citations omitted). Moreover, as long as conditions placed on probation are reasonable, it is within a trial court's discretion to order them. **Id.**

---

[10] "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014) (quotation omitted), *appeal denied*, (Pa. 2015).

- 7 -

***Commonwealth v. Hartman***, 908 A.2d 316, 320 (Pa. Super. 2006).

When imposing a probationary sentence, a trial court is authorized to attach to the sentence such reasonable conditions "as it deems necessary to insure or assist the defendant in leading a law abiding life."  42 Pa.C.S. § 9754(b).  Pursuant to Section 9754(c), those conditions may include, *inter alia*, that the probationer meet his family responsibilities, make restitution for his crimes, and participate in drug or alcohol treatment.  42 Pa.C.S. §§ 9754(c)(1), (8), and (12).  Relevant to this appeal, the statute also authorizes a trial court to impose other conditions "reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience."  42 Pa.C.S. § 9754(c)(13).

Here, during the post-sentence hearing, the trial court stated it imposed the condition at issue to promote Reichenbach's rehabilitation and to prevent his relapse into the drug trade.  The court explained:

> [Reichenbach] had two establishments, one in State College, one in Lewisburg here in Union County, where he was selling pipes, bongs, objects typically used to consume illegal substances, while he was selling illegal substances or possessing them with the intent to deliver them, which he's pled guilty to.
>
> And all I'm trying to do is prevent [Reichenbach] from going right back into that type of work where he's essentially working in a  head shop, selling the same objects that he was selling when he was found – or when he pled guilty … or which he was convicted of doing, and to prevent him from relapsing into the same type of business, the same type of culture.
>
> He can work in a factory.  He can work in a restaurant.  He can work in a hardware store where they do not sell bongs, pipes or other devices typically used for the consumption of

mari[j]uana and controlled substances. And that's the purpose [of imposing the condition at issue.]

N.T., 12/29/2014, at 10-11.

Reichenbach contends, however, the special condition imposed herein is both vague and overbroad. Reichenbach's Brief at 5. Specifically, he asserts the condition "is vague in the items that are mentioned and overbroad because [he has] no control over how a third party might use an item purchased at [his] stores." *Id.* at 6. Reichenbach further argues:

A condition of this type would automatically violate [him] because [he] cannot magically wave a wand and no longer own the stores. Thus is one of his stores makes a sale he will be in violation of this condition since a third party might use the item purchase[d] for illegal purposes. Should this condition stand [Reichenbach] will have to give up his stores.

*Id.* Additionally, he states he "can find no authority that grants the trial court the right to impose a condition on a [d]efendant that restricts them from selling legal merchandise to a third party that may use the items for illegal purposes." *Id.* at 8. Accordingly, Reichenbach asserts the trial court had no legal authority to impose the condition at issue.

As noted above, when a trial court sentences a defendant to a period of probation, it has the concomitant authority to impose any of the conditions listed in Section 9754(c) which it finds necessary to "assist the defendant in leading a law abiding life," including any condition "reasonably related" to the defendant's rehabilitation. 42 Pa.C.S. §§ 9754(b), (c)(13).

However, such conditions are "subject to the constitutional doctrines of vagueness and overbreadth."[11] *Commonwealth v. Perreault*, 930 A.2d 553, 559 (Pa. Super. 2007). *See id.* at 558, 560 (holding condition of probation prohibiting convicted sex offender from possessing or viewing "any obscene materials or materials which depict or describe sexual conduct including … nude men, women or children" was neither vague nor overbroad) (record citation omitted).

In the present case, we find the amended special condition imposed by the trial court was neither constitutionally nor statutorily infirm. We agree the original condition imposed, which prohibited Reichenbach from selling any devices that could be utilized for the consumption of illegal drugs or controlled substances, was too broad. Indeed, an addict could use almost any household product to consume illegal drugs, which, pursuant to the previous condition, could then be applied to violate Reichenbach's probation. However, the trial court later amended the sentencing order to prohibit Reichenbach from selling or possessing "**pipes, bongs or the like** that are **traditionally used** for the consumption of mari[j]uana or controlled

_____

[11] A statute may be void for vagueness if it is not "sufficiently definite so that people of ordinary intelligence can understand what conduct is prohibited, and so as not to create or encourage arbitrary or discriminatory enforcement." *Commonwealth v. Perreault*, 930 A.2d 553, 559 n.1 (Pa. Super. 2007) (citation omitted). Moreover, "the overbreadth doctrine prohibits an enactment … from including constitutionally protected conduct within its proscriptive reach." *Id.* (citation omitted).

substances," and further specified, "**such as the devices seized by the Commonwealth in this case** for the crimes of which [Reichenbach] has been convicted." Order, 12/29/2014 (emphasis added). This description qualified and narrowed the type of products Reichenbach was precluded from selling so that the court's proscription was no longer vague.

Further, although Reichenbach argued during the post-sentence hearing, as he does on appeal, that the restriction is overbroad because it prohibits him from selling or possessing legal products that a consumer might use for an illegal purpose, the court explained:

> No, no, you misunderstand. I'm not going to say [he is prohibited from selling] anything that could be used [to smoke marijuana]. It will be that is **traditionally used**, such as pipes, water bongs, and small metallic pipes that are normally sold in a head shop. He's not going to work in a head shop selling bongs, water pipes and things that are historically used to consume illegal drugs, as opposed to a pipe shop that sells the corncob pipes which [are] traditionally used to consume tobacco.

N.T., 12/29/2014, at 5 (emphasis added). We find no abuse of discretion on the part of the trial court.

Here, Reichenbach was convicted of selling synthetic marijuana **from the same store** where he also sold products traditionally used to smoke marijuana. Accordingly, we conclude the court's restriction precluding him from selling the type of bongs and pipes traditionally used to smoke marijuana was reasonably related to Reichenbach's rehabilitative needs. *Compare Fullin*, *supra*, 892 A.2d at 853 (finding special condition of probation prohibiting defendant, convicted of reckless driving and

- 11 -

endangering the welfare of a child, from operating a motor vehicle during five-year probationary term not unduly restrictive; "prohibiting a person who drives at excessive speeds from driving for a period of time is rationally related to the rehabilitative goal of impressing upon him the importance of responsible driving, particularly when driving his children"), **with**

***Commonwealth v. Houtz***, 982 A.2d 537, 540 (Pa. Super. 2009) (finding special condition of probation, restricting convicted sex offender from using or having access to the internet, was unreasonable when "there [was] no evidence that Appellant's sexual offense involving a minor child was facilitated by or incorporated the use of a computer/Internet.").

Further, to the extent Reichenbach asserts this condition will prohibit him from engaging in his profession,[12] we find such an argument specious since his attorney acknowledged during the post-sentencing hearing that Reichenbach had sold his business to his fiancée.[13] **See** N.T., 12/29/2014, at 9, 12. Accordingly, no relief is warranted.

Judgment of sentence affirmed.

_____

[12] **See** Reichenbach's Brief at 6 ("Should this condition stand [Reichenbach] will have to give up his stores.").

[13] It is unclear from the record if Reichenbach is divorced from Kristine Reichenbach.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2015