621 A.2d 136

## COMMONWEALTH of Pennsylvania

v.

## Miklos HOMOKI, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 5, 1992.

Filed Feb. 9, 1993.

322

Leonard M. Mellon, Easton, for appellant.

John M. Morganelli, Dist. Atty., Bethlehem, for Com., appellee.

Before OLSZEWSKI, JOHNSON and CERCONE, JJ.

OLSZEWSKI, Judge:

After entering a guilty plea on October 17, 1990, appellant Miklos Homoki was sentenced to two concurrent six-to-twelve-month terms of imprisonment for possession of methamphetamine and one consecutive term of six to twelve months for possession of heroin. These sentences were suspended, and Homoki was sentenced to an aggregate term of eighteen months' probation. On March 25, 1991, Northampton County Probation Officer Mark Mazziotta discovered a large knife and a small quantity of cocaine in Homoki's apartment. Following a probation revocation hearing on April 12, 1991, the trial court concluded that Homoki had violated the conditions of his probation and reimposed the original prison sentence. On appeal, we vacated the judgment of sentence and remanded on grounds that the trial court had failed to conduct separate *Gagnon I* and *II* [411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) ] hearings. *Commonwealth v. Miklos Homoki,* 413 Pa.Super. 490, 605 A.2d 829 (1992). The complex procedural history which followed culminated in the judgment of sentence entered April 24, 1992, from which Homoki presently appeals. We affirm.

On remand for a second revocation hearing, Homoki alleged that the evidence should be suppressed because Officer Mazziotta did not have reasonable suspicion to search his apartment. The court concluded that Homoki was estopped from litigating the motion since it had already been raised in a separate action. Homoki had alleged the same suppression issue after being charged with possession of cocaine in a criminal matter arising out of the same facts. The original motion was later withdrawn as part of a negotiated plea to the possession charge. Three months later, Homoki claims, he became aware that this plea could preclude him from raising the suppression issue on remand if his appeal for a new probation hearing was granted. Homoki thus filed a *pro se* motion to withdraw his guilty plea and a PCRA petition alleging ineffective assistance of counsel.

The trial court was aware that the motion to withdraw and PCRA petition were pending when it denied hearing the

suppression motion. Nevertheless, the suppression motion was denied and Homoki was found to have violated his probation. He was sentenced to an additional thirty days' imprisonment on each of the original charges before he could be eligible for parole. Moreover, as a condition of his parole, Homoki was prohibited from taking any additional medication for his pre-existing medical condition than was currently prescribed. This condition was imposed in light of Homoki's history of prescription medication abuse. Homoki filed a motion for reconsideration of this sentence and post-trial relief requesting the court to reconsider its determination that he was collaterally estopped from litigating the merits of the suppression issue. He also requested that the court vacate the limitation imposed on his choice of medical treatment. The motion was denied. The present appeal followed.

In his first claim, Homoki argues that the trial court erred in denying his motion to suppress on the basis of collateral estoppel. At the outset, we note that the doctrine of collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be relitigated between the parties in any future lawsuit." *Commonwealth v. Todd,* 348 Pa.Super. 453, 502 A.2d 631 (1985). Insofar as Homoki argues that the doctrine of collateral estoppel does not apply to the present matter, we agree. The entry of the plea could not properly be considered a final determination on the merits of the suppression issue since the motion to suppress was never litigated.

Bearing in mind, however, that appellant was before the court for a determination of whether his probation should be revoked, we find that the trial court did not err in refusing to conduct a suppression hearing. The Supreme Court has emphasized that,

there is no thought to equate [the revocation hearing] to a criminal prosecution in any sense; it is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits and other material that would not be admissible in an adversary criminal trial.

*Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973). Indeed, parolees and probationers have a diminished expectation of privacy due to their court supervision status. *Commonwealth v. Brown,* 240 Pa.Super. 190, 361 A.2d 846 (1976). Accordingly, the trial judge properly surmised that even if Homoki was granted leave to withdraw the guilty plea to the criminal charges and prevailed on the first motion to suppress, the revocation court could have still considered the evidence. *See Commonwealth v. Donato,* 353 Pa.Super. 37, 508 A.2d 1256 (1986).

 Contrary to Homoki's contention, the trial court had no obligation to postpone ruling on the suppression motion in the present action until resolution of Homoki's motion to withdraw the plea in the related criminal charges.

It is well settled that a probation violation hearing may be conducted prior to a trial for the criminal charges based on the same activities. Nor is the revocation of probation and the imposition of a prison sentence restricted to a finding that a subsequent criminal act has been committed by the probationer during the term of the probation. A probation violation is established whenever it is shown that the conduct of the probationer indicates the probation has proven to have been an ineffective vehicle to accomplish rehabilitation and not sufficient to deter against future antisocial conduct.

*Commonwealth v. Brown,* 503 Pa. 514, 523–524, 469 A.2d 1371, 1375 (1983). Accordingly, the probation hearing court is not bound by the outcome or disposition of the related criminal action. Therefore, we discern no error of law in the trial court's refusal to hear the suppression motion.

 Moreover, while it is not our position to consider the viability of any suppression argument Homoki may have presented, our reading of the record indicates that it would not have had merit. It is well established that a probation or parole officer is not required to have probable cause to search the dwelling of an individual under supervision. *Brown, supra.* In *Commonwealth v. Edwards,* 400 Pa.Super. 197, 583

A.2d 445 (1990), we held that a parole officer may search the belongings of a parolee to ensure that they do not conceal evidence of a violation of parole. Here, the probation officer who discovered the knife and cocaine in Homoki's apartment was legitimately present for the purpose of supervising Homoki's probation. After the probation officer observed the weapon in plain view, he conducted a search of the surrounding area and discovered the substance which he suspected to be cocaine. Given these facts, we would conclude that Homoki's limited Fourth Amendment rights were not offended.

■ In his second claim of error, Homoki argues that the parole condition restricting his right to choose medical treatment for a pre-existing back injury is unconstitutional and constitutes an abuse of discretion. Specifically, the condition restricts his consumption of prescription medication for the back injury to those dispensed to him while he was incarcerated. Maintaining that the restriction was only imposed to avoid the expense of additional tests to monitor him for drug abuse, Homoki contends the condition has no legitimate basis. We disagree.

■ "The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." *Morrissey*, 408 U.S. at 477, 92 S.Ct. at 2598. Parolees are in a position different from the general population because they are still subject to an extant term of imprisonment and are the focus of society's rehabilitative efforts. *Id.; Commonwealth v. Edwards*, 400 Pa.Super. 197, 583 A.2d 445 (1990). Accordingly, parolees are subjected to certain conditions which restrict "their activities substantially beyond the ordinary restrictions imposed by law on private citizens." *Edwards* at 201, 583 A.2d at 447. Although the offender's freedom may be substantially restricted, the sentencing judge is vested with broad powers to fashion appropriate conditions of parole where they are intended to effectuate his rehabilitation and reintegration into society as a law-abiding citizen. *Commonwealth v. Crosby*, 390 Pa.Super. 140, 568 A.2d 233 (1990) (relating to probation).

The trial judge concluded that the condition imposed on Homoki's medical treatment was necessary to control Homoki's behavior and effectuate a successful release. We agree with this finding. At the original sentencing hearing, Homoki reported a twenty-year history of heroin and prescription medication abuse. (N.T., 10/17/91 at 7–10.) As the trial judge explained,

> [t]he limitation at issue was imposed in an effort to address the appellant's long history of abuse of not only controlled substances, but also of drugs obtained by prescription and his denial of the need for rehabilitation. This court imposed the prescription drug limitation to emphasize that should the appellant get one or more physicians to prescribe the same or multiple prescription drugs unnecessarily, such conduct will be considered a violation of the terms of his parole. The condition of his parole is in no way intended to restrict the appellant's right to seek and receive appropriate medical treatment from a physician of his choice for either his current medical condition (which he alleges is under control with minimal medication), or any new medical conditions which may arise.

Trial court opinion, at 6–7.

Moreover, Homoki does not establish that the prohibited medications are essential to his welfare. Rather he argues that the condition is unconstitutional and overly broad because "if [he] developed an adverse reaction to his current medications, or they lost their effectiveness, he could not be prescribed alternatives." Brief for appellant, at p. 13. He also argues that if his physician were to determine that another medication would be better or more effective, he would be precluded from utilizing the more suitable alternative. Since Homoki's arguments demonstrate only the possibility of harm, and not actual harm, his arguments are not ripe. We will not attempt to resolve constitutional issues unless the specific issue is before us and the resolution of the issue is absolutely necessary to the decision of the case. *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701, 707 (1976). Given Homoki's persistent drug abuse history and his failure

to conform to the conditions of probation originally imposed, we find no abuse of discretion in that the instant restriction was intended to enforce legitimate probationary aims.

For the foregoing reasons, the judgment of sentence is affirmed.