674 A.2d 281

**COMMONWEALTH of Pennsylvania**

v.

**Robert Eric HERMANSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 27, 1995.

Filed April 2, 1996.

Frederick S. Wolf, Lebanon, for appellant.

David P. Wingert, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before WIEAND, TAMILIA and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This appeal is from a judgment of sentence entered in the Court of Common Pleas of Lebanon County on May 25, 1995. We affirm.

On September 24, 1994, appellant Robert E. Hermanson was arrested and charged with driving under the influence of alcohol or controlled substances[1] and driving in excess of maximum speed limits.[2]  The charges arose from an incident on the same date in which appellant was allegedly driving his vehicle at 56.8 miles per hour in a 35–mile-per-hour zone while intoxicated.[3]  Appellant pled guilty to these charges on April 20, 1995.  Then, on May 17, 1995, appellant was sentenced to imprisonment of ninety days to two years less one day and a fine of $1,000 plus the costs of prosecution.  Specific conditions of his future parole included ordering appellant to attend the Alcohol Safe Driving Program and to enter into a drug and alcohol rehabilitation program upon his release from prison.  As a further condition, appellant could "not operate a motor vehicle prior to the expiration of his maximum sentence [, 2 years less one day,] for any reason whatsoever."  Order, 5/17/95 at 2.  Appellant's motion to modify sentence was denied.  This timely appeal follows.

Appellant has already served and been released from his minimum sentence of ninety days in prison, and thus does not contest the validity of the imprisonment portion of his sentence.  On appeal, appellant claims solely that the lower court

1. 75 Pa.C.S.A. § 3731(a)(1), (4), (5)(i).

2. 75 Pa.C.S.A. § 3362(a)(1).

3. Appellant's blood was tested at a hospital within 3 hours of the operation of his automobile and found to have a blood-alcohol level of .129%.

446

abused its discretion in conditioning his parole by prohibiting him from operating a motor vehicle for the period of his maximum sentence. We disagree.

■ Appellant challenges the discretionary aspects of sentencing, not the legality of the sentence imposed. Accordingly, he is not entitled to an appeal of his sentence as of right, but rather to an allowance of appeal at the discretion of this Court. 42 Pa.C.S.A. § 9781(b). In such case, an appellant has two requirements which must be met before his challenge to the judgment of sentence will be heard on the merits. *Commonwealth v. Koren,* 435 Pa.Super. 499, 503, 646 A.2d 1205, 1207 (1994). First, the appellant must "set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f); *Koren,* 435 Pa.Super. at 503, 646 A.2d at 1207; *Commonwealth v. Jones,* 418 Pa.Super. 93, 99–101, 613 A.2d 587, 590 (1992), *alloc. denied,* 535 Pa. 615, 629 A.2d 1377 (1993). Second, the appellant must demonstrate to this Court "that there is a substantial question that the sentence imposed is not appropriate under this [Sentencing] chapter." 42 Pa.C.S.A. § 9781(b); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 513, 522 A.2d 17, 20 (1987); *Koren,* 435 Pa.Super. at 501–03, 646 A.2d at 1207.

■ In the instant case, appellant did not fulfil the first requirement as he failed to include in his brief a concise statement of the reasons for his appeal. Ordinarily, we would find appellant's arguments regarding the discretionary aspects of sentencing to be waived. We graciously will review appellant's arguments, however, as the Commonwealth has failed to object to this defect. *Commonwealth v. Martin,* 416 Pa.Super. 507, 515–17, 611 A.2d 731, 735 (1992). Next, we find that appellant has raised a "substantial question" because he alleges that his sentencing was inconsistent with specific provisions of the Sentencing Code, namely, 42 Pa.C.S.A. §§ 9755(d) and 9754(c)(13). *Koren,* 435 Pa.Super. at 503–05, 646 A.2d at 1208; *Commonwealth v. Hlatky,* 426 Pa.Super. 66, 81–83, 626 A.2d

575, 583 (1993), *alloc. denied,* 537 Pa. 663, 644 A.2d 1200 (1994).

We now turn to the merits of appellant's challenge to the discretionary aspects of his sentencing. In such a case, our standard of review is very narrow. We "will reverse only where an appellant can demonstrate a manifest abuse of discretion on the part of the sentencing judge." *Koren,* 435 Pa.Super. at 504, 646 A.2d at 1208; *Hlatky,* 426 Pa.Super. at 83–84, 626 A.2d at 584.

Appellant's claim, that the trial court abused its discretion in conditioning his parole by prohibiting him from driving a motor vehicle until the expiration of his maximum sentence, is without merit. A sentencing court, in conditioning parole upon release from prison, may "include in its order such of the conditions as are enumerated in section 9754 ... as may be reasonably related to the sentence." 42 Pa.C.S.A. § 9755(d). Since the specific condition of prohibition from driving is not expressly mentioned in the first part of section 9754, such condition is reviewed under that section's "catch-all" provision allowing a court, as a condition of its order, to require a defendant:

(13) To satisfy any other conditions reasonably related to the rehabilitation of defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

42 Pa.C.S.A. § 9754(c)(13). Further, we have previously stated on the topic of parole conditions:

"The essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." *Morrissey* [*v. Brewer,* 408 U.S. 471, 477, 92 S.Ct. 2593, 2598, 33 L.Ed.2d 484, 492 (1972) ]. Parolees are in a position different from the general population because they are still subject to an extant term of imprisonment and are the focus of society's rehabilitative efforts. *Id.; Commonwealth v. Edwards,* 400 Pa.Super. 197, 583 A.2d 445 (1990). Accordingly, parolees are subjected to certain conditions which restrict "their activities substantially beyond the ordinary

restrictions imposed by law on private citizens." *Edwards* at 201, 583 A.2d at 447. Although the offender's freedom may be substantially restricted, the sentencing judge is vested with broad powers to fashion appropriate conditions of parole where they are intended to effectuate his rehabilitation and reintegration into society as a law-abiding citizen. *Commonwealth v. Crosby*, 390 Pa.Super. 140, 568 A.2d 233 (1990) (relating to probation).

*Commonwealth v. Homoki*, 423 Pa.Super. 320, 326, 621 A.2d 136, 140 (1993).

In the instant case, the trial judge sentenced appellant to a term of imprisonment combined with the specific parole condition, which prohibited driving for two years less one day, in order "to mend his ways," *i.e.*, for rehabilitative purposes. Trial court opinion, 7/14/95 at 3. Appellant had two previous convictions for driving under the influence of alcohol in 1982 and 1987. In addition, he has had numerous other vehicle code violations in the past thirteen years, including several reckless driving violations. We agree that this condition of parole will aid in appellant's rehabilitation by impressing upon him the importance of the absence of alcohol or other controlled substances in one's body when driving an automobile on our highways. In upholding the constitutionality of 75 Pa.C.S.A. § 3731(a)(4), the statute under which appellant was sentenced, our Supreme Court stated that the purpose of the statute was "an attempt to halt, or at least to retard, the wanton and senseless slaughter and injury to innocent people upon our highways caused by drunk drivers." *Commonwealth v. Mikulan*, 504 Pa. 244, 248, 470 A.2d 1339, 1341 (1983). Further, our brethren noted that in 1982, over 19,000 people were seriously injured and 800 people died in over 12,000 accidents related to alcohol. *Id.* Hence, the seriousness of such problem calls for parole conditions like those placed upon appellant to rehabilitate and protect them and to protect the citizenry of our fair Commonwealth.

■ Further, in *Commonwealth v. Crosby*, 390 Pa.Super. 140, 568 A.2d 233 (1990), we discussed approvingly a condition similar to the one placed upon appellant. In *Crosby*, the

defendant was convicted of driving under the influence of alcohol and sentenced to a term of imprisonment to be followed by a period of probation.[4] As a condition of probation, the sentencing court ordered that appellant's truck, which was involved in the driving under the influence of alcohol incidents, be forfeited. We held that the forfeiture of the truck was not a permissible condition of probation since it did not constitute rehabilitation. *Id.* We did note, however, that

> [t]he trial court had available to it, under § 9754, the means of *effectively* restricting the behavior by precluding him from driving during the probationary period, thereby in a more realistic manner assisting in the rehabilitation of the [defendant].

*Crosby,* 390 Pa.Super. at 145–46, 568 A.2d at 236. Therefore, we have recognized that a specific condition prohibiting driving for a period of time after a person has been convicted and served time in prison for driving under the influence of alcohol is "reasonably related to the rehabilitation of [a] defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." *See id.;* 42 Pa.C.S.A. § 9754(c)(13). In addition, we have held parole conditions designed to prevent a defendant from harming himself or others, given a history of substance abuse, to be valid. *See Homoki, supra* (holding parole condition valid which prohibited defendant from taking additional medication for a preexisting condition where he had twenty-year history of heroin abuse). Consequently, we hold that the trial court did not abuse its discretion in ordering the specific parole condition which prohibits appellant from driving for the maximum sentence period, given his prior history of driving under the influence of alcohol violations. 42 Pa.C.S.A. §§ 9755(d), 9754(c); *Homoki, supra; Koren, supra.*

For the foregoing reasons, we affirm appellant's judgment of sentence.

JUDGMENT OF SENTENCE AFFIRMED.

**4.** Note that conditions of probation are examined under the same standards as conditions of parole. *See* 42 Pa.C.S.A. §§ 9755(d) and 9754.