J-S70016-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| NAQUAN T. WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1908 EDA 2015 |

Appeal from the Judgment of Sentence May 27, 2015,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0006916-2011

BEFORE:  DONOHUE, LAZARUS and PLATT*, JJ.

MEMORANDUM BY DONOHUE, J.:                    **FILED NOVEMBER 20, 2015**

Appellant, Naquan T. Williams ("Williams"), appeals from the judgment of sentence entered on May 27, 2015 by the Court of Common Pleas of Delaware County, Criminal Division, following the revocation of his parole. After careful review, we affirm.

The trial court summarized the relevant facts and procedural history of this case as follows:

> On two separate occasions in October of 2011[, Williams and] three other men entered the stores of different cell phone retailers in the Springfield Mall and left after stealing cell phones valued at a total of $10,254.79. … On January 5, 2012[, Williams] entered a negotiated guilty plea to one count of criminal conspiracy to commit retail theft and a sentence of five to twenty-three months of incarceration to be followed by one year of probation was imposed.  Restitution was ordered in the amount of the stolen merchandise.

*Retired Senior Judge assigned to the Superior Court.

On May 10, 2012[, Williams] was released to serve the remainder of his sentence of incarceration on parole. Although he was directed to report to Adult Probation and Parole the following day[,] he failed to appear. On May 24, 2012[,] a bench warrant was requested and that warrant was issued on June 6, 2012. [Williams'] supervising parole officer cited [Williams'] failure to appear, [] his failure to provide a valid address[, his] relocation to New York from Maryland without prior notification and approval, his failure to comply with state laws and [his] failure to pay costs and restitution as violations of the conditions of his probation. Specifically, regarding the failure to follow state laws, [Williams] was sentenced to five and one-half years of incarceration in the State of Maryland on October 16, 2012 for retail theft. Restitution of $19,299.50 was [o]rdered. He was arrested in that case on July 2, 2012. *See* Exhibit A, Request for ***Gagnon II*** Hearing, 4/30/15.

The bench warrant remained in effect and was lodged as a detainer after his Maryland conviction. A ***Gagnon II*** hearing was scheduled and took place on May 27, 2015. [Williams] appeared by way of [two-way simultaneous audio-video communication] from the George Hill Correctional Facility in Delaware County and stipulated to notice and violation of his parole and probation. Over [Williams'] objection[,] the recommendation put forth by his parole officer was adopted by the [c]ourt. N.T. 5/27/15[, at] 3. [Williams] was sentenced to full back time of 562 days [of incarceration] with immediate parole after nine months. As a condition of release[, Williams] is required to provide a verifiable Pennsylvania address as of April 29, 2015. A new term of one year of consecutive probation was imposed for [Williams'] violation of probation.

A [m]otion for reconsideration filed on June 5, 2015 alleged that the sentence imposed was excessive and averred [Williams'] positive efforts toward rehabilitation while in prison in Maryland in

> support of reconsideration. That motion was denied on June 10, 2015.

Trial Court Opinion, 7/28/15, at 1-2.

On June 25, 2015, Williams filed a timely notice of appeal. On June 30, 2015, the trial court ordered Williams to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On July 15, 2015, Williams filed a timely Rule 1925(b) statement.

On appeal, Williams raises the following issue for our review: "Whether the condition of parole that requires [] Williams to obtain an address within the Commonwealth of Pennsylvania is illegal?" Williams' Brief at 5. Williams asserts that this condition of parole does not have a significant connection to either his rehabilitation or the protection of the public as required under Pennsylvania law. *See id.* at 11. Williams contends that because he lives in Maryland and does not have a Pennsylvania residence, his indigent status will make it difficult for him to obtain housing in Pennsylvania, especially while incarcerated. *Id.* at 12. Williams argues that it was improper for the trial court to order an indigent defendant to obtain a Pennsylvania residence or remain incarcerated for an extended time. *Id.* at 12-13.

Issues challenging the trial court's authority to impose a condition on a defendant's probation or parole involve the legality of the sentence.

*Commonwealth v. Nava*, 966 A.2d 630, 632 (Pa. Super. 2009). "An assertion that the trial court erroneously imposed an illegal sentence is a question of law and, as such, our scope of review is plenary and our standard of review is de novo." *Commonwealth v. Williams*, 980 A.2d 667, 672 (Pa. Super. 2009).

"If no statutory authority for the sentence exists, the sentence is illegal and will be vacated." *Nava*, 966 A.2d at 632. "To be valid, a condition of parole must have some significant connection to either the defendant's rehabilitation or the protection of public safety." *Id.* at 635. "A sentencing court, in conditioning parole upon release from prison, may 'include in its order such of the conditions as are enumerated in section 9754 [(relating to order of probation)] as may be reasonably related to the sentence.'" *Commonwealth v. Hermanson*, 674 A.2d 281, 283 (Pa. Super. 1996) (quoting 42 Pa.C.S.A. § 9755(d)).

Section 9754 of the Sentencing Code, which sets forth the conditions of probation and parole that a trial court may to impose, states, in pertinent part, as follows:

> **(b) Conditions generally.--**The court shall attach such of the reasonable conditions authorized by subsection (c) of this section as it deems necessary to insure or assist the defendant in leading a law-abiding life.
>
> **(c) Specific conditions.--**The court may as a condition of its order require the defendant:

\* \* \*

(9) To remain within the jurisdiction of the court and to notify the court or the probation officer of any change in his address or his employment.

(10) To report as directed to the court or the probation officer and to permit the probation officer to visit his home.

\* \* \*

(13) To satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

42 Pa.C.S.A. § 9754(b), (c)(9)-(10), (13).

The trial court provided the following reasoning for ordering Williams to provide a Pennsylvania address prior to his release from prison:

Given [Williams'] unwillingness to comply with the conditions of his initial parole and probation, specifically, his failure to appear before the Office of Adult Probation and Parole Services upon his release from incarceration, his failure to report and seek permission for a change of address, his travel to the State of New York and his commission of a new retail theft in the State of Maryland where the restitution imposed is nearly $20,000.00, the condition that he provide a Pennsylvania address in advance of his release is a reasonable one, designed to limit his opportunity to violate the terms of his parole and probation in the future and to guide him on his path toward leading a law-abiding life. Towards this end[, Williams'] travel and living arrangements will be closely monitored under the supervision of the Delaware County Office of Adult Probation and Parole.

Trial Court Opinion, 7/28/15, at 4.

We conclude that the trial court did not err in requiring Williams to provide a Pennsylvania address prior to his release from prison. Section 9754(c)(13) authorizes a trial court to impose any condition reasonably related to the rehabilitation of a defendant. *See* 42 Pa.C.S.A. § 9754(c)(13). Here, the certified record reflects that following his release from prison on May 10, 2012, Williams failed to comply with the terms of his parole. *See* N.T., 5/27/15, at 6-7; Request for Bench Warrant, 5/24/12, at 1-2. The certified record indicates that Williams did not report to his parole officer as directed, despite his parole officer rescheduling Williams' report date to accommodate him, that Williams had not provided his parole officer with a valid address, and that Williams left the Commonwealth despite not having permission to do so. Request for Bench Warrant, 5/24/12, at 1-2. The record further reflects that after his release from prison in May 2012, Williams committed another theft related crime in the State of Maryland. N.T., 5/27/15, at 6-7.

Thus, the certified record supports the trial court's conclusion that upon release from prison, Williams will require close supervision because of his history of non-compliance while on parole. Requiring Williams to provide a valid Pennsylvania address prior to his release will aid the Delaware County Office of Adult Probation and Parole in closely supervising him after his release and ensuring that he does not again leave the Commonwealth

without permission or commit any further crimes. **See** 42 Pa.C.S.A. § 9754(c)(9)-(10). Accordingly, we conclude that the requirement that Williams provide a valid Pennsylvania address prior to his release from prison was not illegal, as it was statutorily authorized under section 9754(c) and it had a significant connection to both Williams' rehabilitation and the protection of public safety. **See** 42 Pa.C.S.A. § 9754(c)(13); **Nava**, 966 A.2d at 635.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2015