J-S87039-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID T. DONES | |
| Appellant | No. 708 MDA 2016 |

Appeal from the Judgment of Sentence November 3, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001228-2015

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED DECEMBER 19, 2016**

David T. Dones appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, after he was convicted by a jury of aggravated assault of a police officer[1] and disorderly conduct.[2]  After careful review, we affirm.

The trial court aptly summarized the relevant facts of this case as follows:

> Harrisburg City Police Officers Mike Rudy and Edwin Powell responded to a call [at] 310 Hummel Street, Harrisburg, PA around 4:00 a.m. on December 21, 2014.  When the Police Officers arrived, [Dones] was standing at the top of the third

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(3).

[2] 18 Pa.C.S. § 5503(a)(4).

floor covered in blood and was being verbally aggressive toward [the] police. Once [Dones] finally decided to come downstairs and outside to be checked by medical personnel, [Dones'] action began to escalate (i.e.[,] screaming louder, flexing, threatening people, "you don't know who you're messing with, etc.). [Dones] was cursing and threatening to kill the police officers that were present on the scen[e]. [Dones] yelled "I'm going to f*&king kill you" [Dones] was eventually transported to the hospital.

Once at the hospital, [Dones] again erupted and was screaming, yelling, [and] thrashing around on the gurney. [Dones] had to be restrained. Hospital personnel along with several officers and hospital security attempted to get him to calm down and onto a hospital bed. While being held down, [Dones] began to lay back and thrust his legs forward in a kicking motion. [Dones] looked Officer Powell in the eyes and kicked him pretty hard, knocking him back a foot. Additionally, [Dones] spit on Officer Powell and it stuck to his shirt. [Dones] also spit on Christopher Steinbacher. [Dones] continued to spit until a spit hood was put on him.

Trial Court Opinion, 9/23/16, at 3 (footnotes and citations to record omitted).

After a one-day jury trial, Dones was convicted of aggravated assault of a police officer and disorderly conduct. On November 3, 2015, the court held a consolidated sentencing hearing on the instant case, as well as on two other unrelated cases involving Dones.[3] Dones was sentenced to 18-84 months' imprisonment on the aggravated assault charge, with credit for time

---

[3] Those two unrelated cases are also currently on appeal to this Court. **See Commonwealth v. Dones**, 597 MDA 2016 (appeal from judgment of sentence for simple assault) and **Commonwealth v. Dones**, 2106 MDA 2015 (appeal from judgment of sentenced for resisting arrest, disorderly conduct, and public drunkenness).

served, and a concurrent sentence of 12 months' probation for the disorderly conduct charge.

Dones filed a timely post-sentence motion, which the trial court denied. On April 11, 2016, Dones filed a notice of appeal and, later, a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Dones presents the following issues for our review:

(1) Did not the lower court abuse its discretion by failing to grant [Dones] a new trial on the basis that the guilty verdicts were against the weight of the evidence?

(2) Was the imposition of an aggregate sentence of one year, ten months, to nine years, clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and [Dones'] rehabilitative needs where the court imposed consecutive jail sentences both of which were in the aggravated range of the sentencing guidelines?

Appellant's Brief, at 8.

Dones first contends that the jury's aggravated assault verdict was against the weight of the evidence where the evidence was insufficient to prove that he caused or attempted to cause bodily injury to a protected class member who was performing within the scope of his official duties.[4]

---

[4] We recognize that Dones' first issue on appeal is actually a challenge to the sufficiency, not the weight, of the evidence. *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993) (evidence deemed sufficient to support verdict when it establishes each material element of crime charged and commission thereof by accused beyond reasonable doubt).

When reviewing a sufficiency claim, our Court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000). In applying the above test, the entire record must be evaluated and all evidence actually received must be considered. *Id.* Finally, "the trier of fact while passing upon the credibility of the witnesses . . . is free to believe all, part or none of the evidence." *Commonwealth v. Hutchinson*, 947 A.2d 800, 805-806 (Pa. Super. 2008) (quotation omitted).

Aggravated assault of a police officer or an emergency medical technician (EMT) is defined as "attempt[ing] to cause or intentionally or knowingly caus[ing] bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c),[5] in the performance of duty." 18 Pa.C.S. § 2702(a)(3).

Here, Dones asserts that, due to a mental health episode,[6] he caused only relatively minor self-inflicted wounds and kicked his legs for a short period of time which did not cause any injuries to third persons. While

_____

[5] Under subsection (c) of section 2702, police officers and emergency medical service personnel are enumerated. 18 Pa.C.S. § 2702(c)(1), (21).

[6] Dones states that he "was obviously in the throes of some mental health episode," Appellant's Brief, at 36, during his encounter with the police and EMTs. However, at trial he did not present any evidence to indicate that his mental health was of such a nature that a jury could not infer he acted with the requisite intent under section 2702.

- 4 -

Dones admits he delivered one kick that "landed on [an officer's] biceps and the torso area," he notes that the area was "protected by his bullet-proof vest." Appellant's Brief, at 36. Accordingly, he claims that these actions do not amount to aggravated assault and that "it was contrary to the weight of the evidence for the jury to have made a finding that it was [his] conscious object to inflict bodily injury on one or more of the alleged victims." *Id.* at 36-37. We disagree.

In a prosecution for aggravated assault under section 2702(a)(3), the Commonwealth has no obligation to establish that the officer *actually* suffered a bodily injury; rather, the Commonwealth must establish only an *attempt* to inflict bodily injury. ***Commonwealth v. Marti***, 779 A.2d 1177 (Pa. Super. 2001) (emphasis added and in original). This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury. ***Id.***; ***see also Commonwealth v. Galindes***, 786 A.2d 1004, 1012 (Pa. Super. 2001) ("An attempt exists when the accused intentionally acts in a manner which constitutes a substantial or significant step toward perpetrating . . . bodily injury upon another.").

It was within the jury's province to find that Dones, by kicking, thrashing, and flailing while he was restrained on a hospital bed, intended to cause injury to Officer Powell and EMT Steinbacher. Officer Powell testified that Dones gave him a "mule kick" to the chest that was "pretty hard [and] knocked [him] back a little bit . . . maybe a foot" even though he was wearing a bullet proof vest. N.T. Jury Trial, 11/3/15, at 57. The officer also

testified that Dones "cocked his right leg back and ended up [kicking him] . . . [s]omewhere on the bicep area." *Id.* at 55. EMT Steinbacher testified that as Dones was yelling obscenities and spitting at him and Officer Powell, Dones "starting winding up" and tried to kick him. *Id.* at 75-77.

Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, we conclude that there was sufficient evidence to enable the jury to find beyond a reasonable doubt that Dones violated section 2702(a)(3).

Dones also claims that there was insufficient evidence to prove that his actions caused serious public inconvenience, annoyance or alarm. Specifically, he contends that as the subject of an involuntary mental health commitment, he cannot be deemed to have committed disorderly conduct.

"A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa.C.S. § 5503(a)(4).

Instantly, Dones continuously yelled obscenities at and threatened to kill others and spat in their faces and tried to kick them, while he stood outside his home and while he was restrained on a gurney in a public hospital. Dones placed several officers, EMTs, and hospital personnel at risk for injury and created a physically offensive condition in public. ***Commonwealth v. Pringle***, 450 A.2d 103, 106 (Pa. Super. 1982) (shouting profane names and insults at police officers on public street while

officers attempt to carry out their lawful duties constitutes disorderly conduct). Moreover, Dones' loud and offensive behavior caused neighbors to "com[e] out from about three or four doors down wondering what was going on." N.T. Jury Trial, 11/3/15, at 67. ***See*** 18 Pa.C.S. § 5503(c) (under section 5503, "'public" means "affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are . . . any neighborhood, or any premises which are open to the public.").

Viewing the evidence in the light most favorable to the Commonwealth, as the verdict winner, we conclude that there was sufficient evidence to enable the jury to find beyond a reasonable doubt that Dones violated section 5503(a)(4).

In his final issue on appeal, Dones contends that the trial court's sentence is inappropriate where "the imposition of consecutive sentences . . . was so manifestly excessive as to constitute an abuse of discretion." Appellant's Brief, at 24. He also contends that the court focused solely on the nature of the criminal conduct and discounted a mitigating factor, his mental health condition.

Our standard of review when a defendant challenges the discretionary aspects of a sentence is very narrow. We will reverse only where the defendant has demonstrated a manifest abuse of discretion. ***Commonwealth v. Hermanson***, 674 A.2d 281, 283 (Pa. Super. 1996). However,

> [t]he right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test to invoke the appellate court's jurisdiction when challenging the discretionary aspects of a sentence. The court conducts a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), citing *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265-66 (Pa. Super. 2014).

Here, Dones filed a timely notice of appeal from his judgment of sentence, preserved his discretionary aspect of sentence claim in a timely post-sentence motion, and included a Pa.R.A.P 2119(f) statement in his appellate brief. Therefore, we must determine whether he has presented a substantial question to invoke our appellate review.

While a challenge to the imposition of consecutive rather than concurrent sentences typically does not present a substantial question regarding the discretionary aspects of sentence, *Zirkle*, *supra*, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. *Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super. 2010). Moreover, a claim that a court imposed a sentence in the aggravated range without considering mitigating circumstances constitutes a substantial question as to the discretionary aspect of sentencing. *See Commonwealth v. Felmlee*, 828

A.2d 1105 (Pa. Super. 2003) (en banc).  A claim that a sentencing court relied on impermissible factors also raises a substantial question. ***Commonwealth v. Shugars***, 895 A.2d 1270 (Pa. Super. 2006).  Thus, we conclude that Dones has presented a substantial question.

The trial court chose to run Dones' aggravated-range aggravated assault sentence (1½-7 years) consecutively to his aggravated-range sentence for simple assault (4-24 months) in an unrelated case.[7]  The trial court stated its reasons for sentencing on the record as follows:

> Even though it does not appear that there are any convictions, again, there are repeated arrests and many of them are for batteries.  One is for first-degree murder.  Apparently, you were acquitted or it was dismissed – one or the other – but there just seems to be one episode after the other and it is of some concern.  You arrived in the Harrisburg area and immediately got yourself involved in three different criminal episodes that resulted in you standing here today.  And, again, it just goes to speak to this level of violence.  This continuation of violence doesn't stop.  And you say it's because, well, you were off our medication and so forth.  But I think that particular excuse only takes you so far.  And it seems to me that an appropriate sentence would be to a state correctional institution.

N.T. Sentencing Hearing, 11/3/15, at 11.  In his Rule 1925(a) opinion, the Honorable President Judge Richard A. Lewis further expounded upon why he sentenced Dones to two aggravated-range sentences and ran them consecutively:

---

[7] That case, which involved a completely distinct set of charges and a separate jury trial, is also on appeal at 97 MDA 2016.

[Dones] has a disturbing past that is riddled with past violent behavior. . . . This continuation of violence does not appear to end. Additionally, [Dones] shows no remorse whatsoever. This is troubling as [Dones] continues to act in an aggressive manner towards others. . . . [Dones] displayed actions of total disregard to others. He kicked those who were helping him and continued to spit on others until he was restrained and a spit mask was put on him. Additionally, in taking into consideration [Dones'] rehabilitative needs, this Court noted that [Dones] has been on and off his medication and continues to use that as an excuse to engage in violent behavior. This [C]ourt believes that that particular excuse only carries so much weight and has run its course. As such, the Court fashioned a sentence that takes into consideration the protection of the public, the gravity of the offenses, and [Dones'] rehabilitative needs.

Trial Court Opinion, 9/23/16, at 9.

In determining Dones' sentence, the court carefully considered the factors set out in 42 Pa.C.S. § 9721(b), that is: the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of Dones. Furthermore, as trial judge, President Judge Lewis had wide discretion in sentencing and "can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." **Commonwealth v. Stewart**, 867 A.2d 589, 593 (Pa. Super. 2005) (citation omitted). A defendant's prior arrests are a proper factor to consider in fashioning a sentence. **See Commonwealth v. Allen**, 489 A.2d 906 (Pa. Super. 1985). Here, the court looked at an FBI report detailing Dones' out-of-state arrests and criminal dispositions. N.T. Sentencing Hearing, 11/3/15, at 4-5. Moreover, the court acknowledged the fact that Dones had significant mental health issues, but found that his failure to consistently take his medications did not outweigh

the need to protect society from his violent behaviors. Accordingly, we fail to find that the trial court abused its discretion in sentencing Dones. ***Hermanson***, ***supra***.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2016