J-S87046-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID T. DONES | |
| Appellant | No. 597 MDA 2016 |

Appeal from the Judgment of Sentence November 3, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003653-2015

BEFORE:  LAZARUS, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:          **FILED JANUARY 05, 2017**

David T. Dones appeals from the judgment of sentence, entered in the Court of Common Pleas of Dauphin County, entered after a jury convicted him of simple assault (M-2).[1]  After careful review, we affirm.

The trial court aptly summarized the relevant facts of the case as follows:

> Jaime Maldonado, a 68[-]year[-]old resident at 310 Hummel Street, Harrisburg, Pennsylvania[,] testified to the events that occurred on the evening of February 26, 2015.  Mr. Maldonado is the step-grandfather to [Dones].  [Dones] lives with Mr. Maldonado.  Mr. Maldonado and [Dones] had been drinking and talking in the kitchen when the two started to have a disagreement.  Mr. Maldonado le[ft] the kitchen area and [went] to sit on the living room couch.  [Dones] followed Mr. Maldonado

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2701(a)(1).

and started beating Mr. Maldonado up. Mr. Maldonado lost a tooth, had two black eyes, and had to get a stitch in his forehead. Mr. Maldonado remembers being repeatedly punched before being knocked unconscious. Mr. Maldonado was taken to the hospital where he was released after 3-4 hours. The Commonwealth also introduced photographs of Mr. Maldonado when he was in the hospital.

Juana Rivera, whose step-grandfather is Mr. Maldonado, also testified that she saw [Dones] repeatedly hitting Mr. Maldonado in the face. Ms. Rivera was upstairs attending to her grandmother when she heard some commotion downstairs. When she went downstairs, she saw Mr. Maldonado "on the sofa laid out flat. He was cold. There was blood all over. His face was swollen, blood all over." Ms. Rivera testified that [Dones] was screaming and yelling that "[Mr. Maldonado] needs to respect me." Finally, Ms. Rivera testified that there were no bruises or injuries on [Dones'] face. The final witness to testify for the Commonwealth was Officer Marchand Pendelton. When Officer Pendelton arrived on the scene, [Dones] was standing there with his hands in the air holding his identification. Officer Pendelton could see facial injuries on Mr. Maldonado but could not see any bruises on [Dones'] face.

The defense offered Mr. Dones' testimony. [Dones] testified to his version of the events and that it was Mr. Maldonado who "came at me" and that he was in ["]defense mode." On cross-examination, the Commonwealth introduced a picture of [Dones] after the incident.

Trial Court Opinion, 12/6/16, at 2-4 (footnotes and citations to record omitted).

After a two-day jury trial, Dones was convicted of simple assault[2] and sentenced to serve 4 to 24 months in prison and to pay the costs of prosecution and a $200 fine. He filed timely post-sentence motions that were denied by operation of law. *See* Pa.R.Crim.P. 720(B)(3)(b). Dones

---

[2] Dones was acquitted of public drunkenness. 18 Pa.C.S. § 5505.

filed a timely notice of appeal, in which he raises the following issues for our

review:

> (1) Did not the lower court abuse its discretion by failing to grant [Dones] a new trial on the basis that the guilty verdict . . . [was] against the weight of the evidence?
>
> (2) Did not the court err in refusing to instruct the jury[3] as requested by the Defendant on the legal points set forth in section 3.18 of Pennsylvania Suggested Standard Criminal Jury Instructions, which addresses the manner in which the jurors should exercise restraint in reviewing inflammatory photographs that were admitted at trial?
>
> (3) Was the imposition of an aggregate sentence of one year, ten months, to nine years, clearly unreasonable, so manifestly excessive as to constitute an abuse of discretion, and inconsistent with the protection of the public, the gravity of the offenses, and defendant's rehabilitative needs where the court imposed consecutive jail sentences both of which were in the aggravated range of the sentencing guidelines.

_____

[3] In **Commonwealth v. Sandusky**, 77 A.3d 663 (Pa. Super. 2013), our Court stated:

> In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of [the appellate] court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, [the appellate court's] scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case.

*Id.* at 667.

In his first issue, Dones argues that his simple assault[4] conviction is against the weight of the evidence where there was no independent witness to the incident, he struck the victim in self-defense, and the victim's testimony "was hampered by severe inconsistencies." Appellant's Brief, at 37.

We review a trial court's decision in not ordering a new trial for an abuse of discretion. ***Commonewealth v. Olsen***, 82 A.3d 1041, 1049 (Pa. Super. 2013). We cannot assess witness credibility, because the jury is entitled to believe all, some, or none of the witnesses' testimony. ***Id.*** Moreover,

> [t]he trial court will only award a new trial when the jury's verdict is so contrary to the evidence as to shock one's sense of justice. In turn, we will reverse a trial court's refusal to award a new trial only when we find that the trial court abused its discretion in not concluding that the verdict was so contrary to the evidence as to shock one's sense of justice. In effect, the trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings.

---

[4] Simple assault is defined in our Crimes Code as:

> (a) Offense defined. — Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>
>> (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]

18 Pa.C.S. § 2701(a)(1).

*Id.* (internal quotations and citations omitted).  Moreover, with regard to self-defense:

> The use of force against a person is justified when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person. *See* 18 Pa.C.S. § 505(a). When a defendant raises the issue of self[-]defense, the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt. While there is no burden on a defendant to prove the claim, before the defense is properly at issue at trial, there must be some evidence, from whatever source, to justify a finding of self[-]defense.  If there is any evidence that will support the claim, then the issue is properly before the fact finder.

*Commonwealth v. Reynolds*,  835 A.2d 720, 731 (Pa. Super. 2003).

At trial, the victim testified that Dones came in to the living room and began "beating [him] up" with his closed fists "all over [his] face."  N.T. Jury Trial, 10/27/15, at 25-26.   The victim testified that Dones eventually "knocked [him] out" and that he was in pain after the incident.  *Id.* at 26.  The victim required emergency room care, which included a stitch to his forehead; he also suffered two black eyes and lost a tooth from the incident.  Moreover, Rivera, the victim's granddaughter, testified that she witnessed Dones "hitting [the victim]" and that she asked Dones to stop because she "thought [Dones] had killed [the victim] because he was completely [out] . . . out.  He was bleeding all over the place."  *Id.* at 48-49.  Rivera testified that Dones "was on top of the [victim] . . .[l]eaning against [him] . . . hitting him, just hitting him . . . using both fists."  *Id.* at 50-52.

Dones, on the other hand, testified that he and the victim got into a heated argument and that the victim "basically came at [him] and . . . [Dones] attempted to stop him [and he] couldn't stop [him so] that's when [Dones] actually went in motion and . . . had no choice but to put hands on him and hit him back." *Id.* at 98-100.

Instantly, the Commonwealth presented ample evidence that the victim sustained bodily injuries, while Dones exhibited few to no injuries after the incident. *See* 18 Pa.C.S. § 2701(a)(1) ("a person is guilty of assault if he attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another."). Based on the evidence, the jury, as fact-finder, chose to believe the Commonwealth's version of events over that of Dones and to disbelieve his claim of self-defense. *Reynolds*, *supra*. The jury was in the best position to assess the credibility of the witnesses' testimony. Because the record supports the jury's verdict, the trial court did not abuse its discretion in denying a new trial based on a weight of the evidence challenge.

In his second issue on appeal, Dones contends that the trial court improperly refused to give the jury a cautionary instruction regarding inflammatory photographs of the injuries suffered by the victim that were admitted at trial.

When considering the admissibility of photographs of a victim, which by their very nature can be unpleasant, disturbing, and even brutal, the trial court must engage in a two-step analysis:

>      First a [trial] court must determine whether the photograph is
>      inflammatory. If not, it may be admitted if it has relevance and
>      can assist the jury's understanding of the facts. If the
>      photograph is inflammatory, the trial court must decide whether
>      or not the photographs are of such essential evidentiary value
>      that their need clearly outweighs the likelihood of inflaming the
>      minds and passions of the jurors.

*Commonwealth v. Tharp*, 830 A.2d 519, 531 (Pa. 2003) (citation omitted). In order to render a photograph inflammatory, the depiction must be of such a gruesome nature or be cast in such an unfair light that it would tend to cloud an objective assessment of the guilt or innocence of the defendant. *Commonwealth v. Hubbard*, 372 A.2d 687, 697 (Pa. 1977). However, "[t]he fact that blood is visible does not necessarily require a finding that a photograph is inflammatory." *Commonwealth v. Lewis*, 567 A.2d 1376, 1382 (Pa. 1989). Moreover, "[c]urative instructions are not always necessary, or even desirable. A court must assure a defendant a fair trial. A judge has discretion to give or not give curative instructions." *Commonwealth v. Pezzeca*, 749 A.2d 968, 971 (Pa. Super. 2000).

Instantly, the court admitted into evidence two photographs depicting the victim after the assault. The photographs depict the bloody forehead and bruised and swollen face of the victim immediately after his altercation with Dones. The court found that the photographs were not inflammatory in nature, were highly probative as they directly related to the requisite elements of simple assault, and they established that Dones "recklessly caused bodily injury to another." Trial Court Opinion, 12/6/16, at 4-5.

While the photographs may be considered by some to be inflammatory in nature, they are clearly relevant to show the injuries sustained by the victim at the hands of Dones. Here, we find that the trial judge did not abuse his discretion by failing to give the jury a curative instruction regarding the photographs. While the pictures depicted blood and bruises on the victim's face, they were not so inflammatory that the jury could not objectively weigh their value and arrive at a just verdict. *Sandusky*, *supra* (trial court not required to give every charge requested by parties and its refusal to give requested charge does not require reversal unless defendant was prejudiced by refusal).

In his final issue on appeal, Dones contends that the trial court's sentence is inappropriate where "the imposition of consecutive sentences . . . was so manifestly excessive as to constitute an abuse of discretion." Appellant's Brief, at 24. He also contends that the court focused solely on the nature of the criminal conduct and discounted a mitigating factor, his mental health condition.

Our standard of review when a defendant challenges the discretionary aspects of a sentence is very narrow. We will reverse only where the defendant has demonstrated a manifest abuse of discretion. *Commonwealth v. Hermanson*, 674 A.2d 281, 283 (Pa. Super. 1996). However,

> [t]he right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. An appellant must satisfy a four-part test

- 8 -

to invoke the appellate court's jurisdiction when challenging the discretionary aspects of a sentence. The court conducts a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), citing *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265-66 (Pa. Super. 2014).

Here, Dones filed a timely notice of appeal from his judgment of sentence, preserved his discretionary aspect of sentence claim in a timely post-sentence motion, and included a Pa.R.A.P 2119(f) statement in his appellate brief. Therefore, we must determine whether he has presented a substantial question to invoke our appellate review.

While a challenge to the imposition of consecutive rather than concurrent sentences typically does not present a substantial question regarding the discretionary aspects of sentence, *Zirkle*, *supra*, we have recognized that a sentence can be so manifestly excessive in extreme circumstances that it may create a substantial question. *Commonwealth v. Moury*, 992 A.2d 162, 171-72 (Pa. Super. 2010). Moreover, a claim that a court imposed a sentence in the aggravated range without considering mitigating circumstances constitutes a substantial question as to the discretionary aspect of sentencing. *See Commonwealth v. Felmlee*, 828 A.2d 1105 (Pa. Super. 2003) (en banc). A claim that a sentencing court

relied on impermissible factors also raises a substantial question. ***Commonwealth v. Shugars***, 895 A.2d 1270 (Pa. Super. 2006). Thus, we conclude that Dones has presented a substantial question.

The trial court chose to run Dones' aggravated-range sentence for simple assault (4-24 months) consecutively to his aggravated-range aggravated assault sentence (1½-7 years) in an unrelated case.[5] The trial court stated its reasons for sentencing on the record as follows:

> Even though it does not appear that there are any convictions, again, there are repeated arrests and many of them are for batteries. One is for first-degree murder. Apparently, you were acquitted or it was dismissed – one or the other – but there just seems to be one episode after the other and it is of some concern. You arrived in the Harrisburg area and immediately got yourself involved in three different criminal episodes that resulted in you standing here today. And, again, it just goes to speak to this level of violence. This continuation of violence doesn't stop. And you say it's because, well, you were off your medication and so forth. But I think that particular excuse only takes you so far. And it seems to me that an appropriate sentence would be to a state correctional institution.

N.T. Sentencing Hearing, 11/3/15, at 11. In his Rule 1925(a) opinion, the Honorable President Judge Richard A. Lewis further expounded upon why he sentenced Dones to two aggravated-range sentences and ran them consecutively:

> [Dones] has a disturbing past that is riddled with . . . violent behavior. . . . This continuation of violence does not appear to end. Additionally, [Dones] shows no remorse whatsoever. This

---

[5] That case, which involved a completely distinct set of charges and a separate jury trial, is also on appeal at 708 MDA 2016.

is troubling as [Dones] continues to act in an aggressive manner towards others. . . . [Dones] displayed actions of total disregard to his step-grandfather. He repeatedly punched his step-grandfather in the head. Additionally, in taking into consideration [Dones'] rehabilitative needs, this [c]ourt noted that [Dones] has been on and off his medication and continues to use that as an excuse to engage in violent behavior. This court believes that that particular excuse only carries so much weight and has run its course. As such, the [c]ourt fashioned a sentence that takes into consideration the protection of the public, the gravity of the offenses, and [Dones'] rehabilitative needs.

Trial Court Opinion, 12/6/16, at 9.

In determining Dones' sentence, the court carefully considered the factors set out in 42 Pa.C.S. § 9721(b), that is: the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of Dones. Furthermore, as trial judge, President Judge Lewis had wide discretion in sentencing and "can, on the appropriate record and for the appropriate reasons, consider any legal factor in imposing a sentence in the aggravated range." **Commonwealth v. Stewart**, 867 A.2d 589, 593 (Pa. Super. 2005) (citation omitted). A defendant's prior arrests are a proper factor to consider in fashioning a sentence. **See Commonwealth v. Allen**, 489 A.2d 906 (Pa. Super. 1985). Here, the court looked at an FBI report detailing Dones' out-of-state arrests and criminal dispositions. N.T. Sentencing Hearing, 11/3/15, at 4-5. Moreover, the court acknowledged the fact that Dones had significant mental health issues, but found that his failure to consistently take his medications did not outweigh the need to protect society from his violent behaviors. Accordingly, we find

that the trial court did not abuse its discretion in sentencing Dones.

***Hermanson***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/5/2017