**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Gerald MAWHINNEY, Appellant.**

Superior Court of Pennsylvania.

Filed Dec. 13, 2006.

J. Richard Narvin, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: MUSMANNO, KLEIN, JJ., and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

¶ 1 Gerald Mawhinney appeals from the judgment of sentence imposed on his convictions for involuntary deviate sexual intercourse (IDSI), sexual assault, endangering the welfare of a child, and related crimes. The charges stemmed from Mawhinney's sexual abuse of his minor son over a period of three years while they lived in Allegheny County. We affirm.

¶ 2 The trial court summarized the facts, in relevant part, as follows:

In March of 2001, the victim ... had a conversation with his mother, Patricia Sneed Bauer, in the living room of her Anchorage, Alaska residence. During this discussion, [the victim] disclosed that he had been sexually abused for many years by his natural father, Gerald Mawhinney. On May 3, 2001, the victim contacted authorities eventually leading to the filing of criminal charges against the Defendant for incidents that took place in Allegheny County between 1998 and 2000.

The Defendant began sexually abusing his son [the victim] while the family of four lived in Texas. When the victim was approximately 6 years of age, the Defendant was changing the victim's diaper and discovered his erect penis. The Defendant then touched [the victim] inappropriately and performed oral sex on him. When the victim was approximately 7 years of age, he moved into a trailer with the Defendant. During this period, the sexual acts occurred approximately once per week. In addition to the types of acts described above, the victim also performed oral sex on the Defendant and received anal sex. When [the victim] was 10 years of age, he and the Defendant moved to Camp Hill, Pennsylvania where the sexual abuse continued for another 1½ years....

When [the victim] was approximately 12–13 years of age, he and the Defendant moved to a one-bedroom apartment at 107 Hiland Valley Drive, Ross Township, Allegheny County. The events that took place at this location form the basis for the Defendant's convictions. While living together in Pittsburgh, the sexual acts increased in frequency occurring 2 to 3 times per week. In addition to all of the aforementioned acts, the Defendant began photographing [the victim] using a digital camera. [The victim] would be asked to pose nude with an erect penis, often with one leg up on a chair, and then photographed from the neck down. This occurred on 4 to 5 separate occasions....

. . .

When [the victim] was approximately 15 years of age, he moved to Anchorage, Alaska where he first disclosed the Defendant's abuse....

(Trial Court Op., 3/23/06, at 2–4 (citations omitted).) Following a non-jury trial, Mawhinney was convicted of the above-stated offenses. He was sentenced to consecutive prison terms of 6 to 12 years for IDSI and 4 to 8 years for sexual assault. Mawhinney's post-sentence motions were denied. This timely appeal followed.

¶ 3 Mawhinney raises three issues on appeal: (1) whether the trial court erred in admitting evidence of prior bad acts in violation of Pa.R.E. 404(b)(4); (2) whether the trial court erred in denying his motion to modify sentence; and (3) whether the evidence was insufficient to support his conviction for IDSI. Because we find no error or abuse of discretion, we affirm.

**Admission of Prior Bad Act Evidence**

■ ¶ 4 Mawhinney first challenges the trial court's admission of prior bad act evidence based on lack of reasonable notice.[1] Rule 404(b)(4), relating to the admissibility of other crimes, wrongs, or acts, provides:

In criminal cases, the prosecution shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of any such evidence it intends to introduce at trial.

¶ 5 At trial, the Commonwealth sought to introduce evidence of Mawhinney's past sexual conduct with the victim, which occurred before they moved to Allegheny County. Defense counsel made the following objection on the record:

Your Honor, [the prosecutor], I believe, is about to elicit testimony along the lines of 404(b) material.... I think the allegations are going to be that there was a course of conduct which began when this young man was approximately six years old. I believe that the rule requires there to be notice filed telling me about these allegations; and, therefore, I'm going to object to its admission at this point.

(N.T. Trial, 3/7/05, at 35.) The prosecutor responded as follows:

I have had extensive discussions about the case with [defense counsel]. All of the things I'm about to discuss with the victim are by way of background.... I believe that [defense counsel] has been put on notice both in our discussions and in the discovery ...

(*Id.* at 36.) The trial court then overruled the objection and permitted the testimony:

1. Although this issue was not raised in Mawhinney's post-sentence motions, his counsel properly lodged an objection at trial. There-

fore, Mawhinney has preserved the issue for our review. *See* Pa.R.Crim.P. 720(b)(1)(C).

The Court can indicate and will indicate for the record that I was aware that this testimony was going to be elicited as a result of the discussions that we've had in preparation of the trial. I've scheduled status conferences in this matter, and I was at least under the belief that it was apparent to all parties that this information would be elicited. So if the letter of the rule has not been met, I know the spirit has been met, and I deny the objection.

(*Id.*)

¶ 6 Mawhinney asserts that the trial court erred in finding reasonable notice because the Commonwealth never filed a motion to admit the evidence and there is no record of the pre-trial status conferences where the evidence was allegedly discussed. Essentially, Mawhinnney asks this Court to adopt a requirement that the "notice" under Rule 404(b) must be formally given and in writing in order for the evidence to be admissible.

¶ 7 However, there is no such requirement in either the rule or the comment to the rule. In fact, the rule itself provides that the trial judge may excuse pretrial notice "on good cause shown." Pa.R.E. 404(b)(4); *see* Hon. Mark I. Bernstein, *Pennsylvania Rules of Evidence,* Comment 17 to Pa.R.E. 404(b)(4) (Gann 2005 ed.). The purpose of the notice requirement is to prevent unfair surprise and give the defendant sufficient time to prepare an objection or a rebuttal to the evidence. *See* Pa.R.E. 404 Comment.

¶ 8 Here, Mawhinney does not dispute the trial court's finding that the parties had discussed this evidence during pre-trial conferences, nor does he clarify how he was prejudiced by the alleged lack of

notice. We conclude that the trial court properly found that Mawhinney had reasonable notice of the proffered evidence. *Cf. Commonwealth v. Stallworth,* 566 Pa. 349, 781 A.2d 110, 118, n. 2 (2001) (upholding admission of evidence under Rule 404(b), even where Commonwealth failed to give specific notice before trial, where record showed that defendant had received notice of such evidence during discovery and did not claim prejudice based on lack of notice).

¶ 9 Moreover, Mawhinney makes no claim of unfair surprise. To the contrary, defense counsel's remarks on the record indicate that, as early as his opening statement, he was aware that this evidence would be introduced. (*See* N.T. Trial, 3/7/05, at 16–17.) Later in the trial, during an on-the-record discussion about the admission of other evidence, defense counsel told the trial court that the prosecutor had turned over "his entire file" during the course of discovery. (*Id.* at 87.)

¶ 10 Therefore, because Mawhinney was placed on pre-trial notice that the evidence would be introduced, we find no abuse of discretion.[2]

### Discretionary Aspects of Sentencing

¶ 11 Mawhinney next claims that the trial court abused its discretion in imposing consecutive sentences without stating sufficient reasons on the record. We disagree.

¶ 12 Before imposing sentence, the trial court heard argument from both counsel as well as from Mawhinney himself. Mawhinney exercised his right of allocution and, among other things, asked the trial court to consider his age and poor health. (N.T. Sentencing, 9/19/05, at 10–

---

**2.** We may reverse rulings on the admissibility of evidence only if we find that the trial court abused its discretion. *See Commonwealth v.*

*O'Brien,* 836 A.2d 966, 968 (Pa.Super.2003), *app. denied,* 577 Pa. 695, 845 A.2d 817 (2004).

11.) Thus, his claim that the trial court did not consider such factors is belied by the record. The trial court further stated that it had considered the presentence report, the Sentencing Guidelines, and all of the trial testimony in fashioning the sentence. (*Id.* at 12.) Mawhinney received consecutive, standard-range sentences, resulting in an aggregate term of 10 to 20 years in prison—a sentence that could potentially have been imposed as to each count. The trial court's remarks, while brief, reflected its awareness of the relevant sentencing factors and supported the sentence imposed. We find no abuse of discretion.[3]

### Sufficiency of Evidence for IDSI

■ ¶ 13 Mawhinney's final claim is that the evidence was insufficient to prove IDSI because the testimony relating to the victim's age at the time of the alleged sexual abuse was imprecise. This claim lacks merit.

¶ 14 Under 18 Pa.C.S.A. § 3123(a)(7), a defendant commits IDSI if he engages in deviate sexual intercourse with a victim who is less than 16 years of age, the defendant is four or more years older than the victim, and they are not married to each other.

■ ¶ 15 Here, the victim testified that he was born on February 3, 1984, making him 21 years old at the time of trial. He testified that he was between the ages of 12 and 13 when he moved to Pittsburgh and lived there until he was 15. The

victim testified that during that time, Mawhinney performed anal and oral sex on the victim, photographed the victim in the nude, and masturbated in front of the victim. These acts occurred two to three times per week. This testimony supports the trial judge's finding that Mawhinney engaged in deviate sexual acts with the victim while the victim was under the age of 16. *See* 18 Pa.C.S.A. § 3123(a)(7). Accordingly, we conclude that the evidence was sufficient to support the IDSI conviction.[4]

¶ 16 Judgment of sentence affirmed.

---

3. Our standard of review when a defendant challenges the discretionary aspects of a sentence is very narrow. We will reverse only where the defendant has demonstrated a manifest abuse of discretion. *Commonwealth v. Hermanson*, 449 Pa.Super. 443, 674 A.2d 281, 283 (1996).

4. In reviewing a challenge to the sufficiency of the evidence, we must determine whether,

viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa.Super.2000).