J-S04037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROGER SCHIMP, | : | |
| | : | |
| Appellant | : | No. 528 WDA 2015 |

Appeal from the Judgment of Sentence March 5, 2015
in the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000044-2014

BEFORE:   BOWES, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED MARCH 23, 2017**

Roger Schimp (Appellant) appeals from his March 5, 2015 judgment of sentence of an aggregate term of 40 months to ten years of imprisonment entered following his convictions for various sex offenses.  We affirm.

Appellant was charged with various crimes in McKean County between 2010 and 2013, including, *inter alia*, attempted rape of a child, indecent assault, simple assault, and corruption of minors in connection with his adopted daughter (Victim), who was born in 2000.   Over Appellant's objection, Victim testified at trial about acts Appellant committed against her in Kentucky before she and Appellant moved to Bradford in McKean County. The jury convicted Appellant of six counts and found him not guilty of 12 others.   After a hearing, the trial court determined that Appellant is a

_____

*Retired Senior Judge assigned to the Superior Court.

sexually violent predator (SVP), and on March 5, 2015, Appellant was sentenced as indicated above. Appellant timely filed a notice of appeal.

The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied. In this Court, counsel filed a petition to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967). Concluding that the appeal was not wholly frivolous, this Court remanded for counsel to file an advocate's brief. Counsel has complied, and the case is ready for our review.

Appellant presents two issues to this Court:

A.  Whether the trial court abused its discretion in admitting evidence of alleged, uncharged sexual contact between [Appellant] and [Victim] alleged by [Victim] to have occurred in the State of Kentucky prior to the time when the family moved to McKean County, in violation of Pa.R.E. 404(b)(1)?

B.  Whether the trial court abused its discretion in admitting such evidence where the prosecution failed to provide [Appellant] with adequate advance notice of its intent to do so, in violation of Pa.R.E. 404(b)?

Appellant's Brief at 4 (trial court answers omitted).

Our standard of review on questions of the admissibility of evidence is as follows.

Admission of evidence is a matter within the sound discretion of the trial court, and will not be reversed absent a showing that the trial court clearly abused its discretion. Not merely an error in judgment, an abuse of discretion occurs when the law is

overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record.

*Commonwealth v. Cain*, 29 A.3d 3, 6 (Pa. Super. 2011) (citation omitted).

Both of Appellant's evidentiary claims involve Rule 404, which states, in relevant part, the following:

**(b) Crimes, Wrongs or Other Acts.**

*(1) Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*(2) Permitted Uses.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. In a criminal case this evidence is admissible only if the probative value of the evidence outweighs its potential for unfair prejudice.

*(3) Notice in a Criminal Case.* In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404. Furthermore, "evidence of other crimes may be introduced… in situations where the bad acts were part of a chain or sequence of events that formed the history of the case and were part of its natural development." *Commonwealth v. Molina*, 897 A.2d 1190, 1194–95 (Pa. Super. 2006) (citation omitted).

Appellant first contends that the trial court erred in ruling that evidence of uncharged conduct in Kentucky was admissible at trial under Rule 404(b)(2). Appellant's Brief at 19-21. The trial court offered the following recitation of the testimony at issue and explanation for its ruling:

Here, the victim testified that:

> Q. Okay.
>
> So, while you were living in Kentucky you said that some things had started there?
>
> A. Ah - ha.
>
> Q. What types of things started there?
>
> A. Like touching and like he would try to like put his penis into my vagina and like he would say like ah - does it tickle and stuff like that.
>
> Q. Okay.
>
> When you say "touching" describe -- and I know these are tough questions … but I gotta ask ya.
>
> A. Okay.
>
> Q. Can you describe what you mean by "touching" how would he touch you?
>
> A. Like on my boobs, my vagina, my butt.

These prior acts show the chain or sequence of events that formed the history of the case. They involved the same victim [and] without them the fact finder may be left with confusion regarding why, when the same type of contact occurred, the victim did not report it sooner or did not act differently. Therefore, the prior acts that occurred in Kentucky were properly

admitted as their probative value outweighed any potential for unfair prejudice.

Trial Court Opinion, 7/1/2015, at 2.

Our review of the record reveals that Victim's testimony about Appellant's conduct in Kentucky was more extensive than indicated above. The Commonwealth asked Victim if she remembered specific instances when, in Kentucky, Appellant had attempted to insert his penis into her vagina, eliciting detailed testimony about several specific acts of misconduct committed there. N.T., 6/9/2014, at 36-41. Appellant argues that this testimony "added nothing to the Commonwealth's case or to the jury's ability to weigh and understand the charges in McKean County." Appellant's Brief at 21. He maintains that there was no "'inextricable relationship' between this alleged Kentucky conduct and the crimes charge[d] in McKean County needed to provide context or explanation of the McKean County allegations." *Id.* (citing **Commonwealth v. Green**, 76 A.3d 575, 585 (Pa. Super. 2013) (providing that the other wrongs admitted to complete the story must provide immediate context of related happenings such that there is an "inextricable relationship" between the other act and the crime at issue)). Rather, Appellant contends, "the sole purpose of the unproven Kentucky acts was to show that [Appellant] acted in conformity therewith after the family moved to McKean County." *Id.*

Appellant's argument would be more compelling if the Kentucky conduct involved significantly different conduct than the acts at issue or a different victim. ***See***, ***e.g.***, ***Commonwealth v. Semenza***, 127 A.3d 1, 11 (Pa. Super. 2015) (holding evidence of the defendant's acts with a different victim were not admissible where the difference in the relationships were "more pronounced than their similarities"). However, this Court has affirmed admission of prior assaults against the same victim as part of the history of the case. ***Commonwealth v. Stansbury***, 640 A.2d 1368, 1372 (Pa. Super. 1994) ("Here, the victim testified that the instant sexual assault arose out of numerous previous sexual assaults by appellant which had been occurring for the past seven years. These prior sexual assaults occurred under similar circumstances and were clearly of the same type and nature as the instant assault. Accordingly, we agree with the trial court that the previous assaults by appellant upon the victim were part of the history of the instant assault and, therefore, the trial court's admission of evidence of these assaults was proper.").

Further, the sexual offenses for which he was convicted were listed on the verdict slip as occurring between January 1, 2012 and March 28, 2013, well after Appellant and Victim moved to McKean County. The jury acquitted Appellant of all charges alleged to have occurred before 2012. Verdict Slip, 6/10/2014. As such, it is clear that the jury did not erroneously convict

Appellant based upon any of the specific acts Victim claimed that he committed in Kentucky.

Therefore, we conclude that the trial court's decision to admit Victim's testimony about the acts of abuse Appellant committed against her in Kentucky was not manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. Because there was no abuse of the trial court's discretion, no relief is due from this Court.

Appellant's remaining claim is that he did not receive the notice required by Rule 404(b)(3) that the Commonwealth intended to offer evidence of the Kentucky incidents. Appellant's Brief at 22-23.

"The purpose of the notice requirement is to prevent unfair surprise and give the defendant sufficient time to prepare an objection or a rebuttal to the evidence." *Commonwealth v. Mawhinney*, 915 A.2d 107, 110 (Pa. Super. 2006). "However, there is no requirement that the 'notice' must be formally given or be in writing in order for the evidence to be admissible." *Commonwealth v. Lynch*, 57 A.3d 120, 126 (Pa. Super. 2012).

Here, as noted by the trial court, the affidavit of probable cause filed at the commencement of the action indicated that Appellant's abuse of Victim began when the family lived in Kentucky. Trial Court Opinion, 7/1/2015, at 3 (citing Affidavit of Probable Cause, 11/22/2013). It further contained allegations of specific instances of abuse there, such as Appellant's

"trying to stick his thing in her vagina" after placing Victim on the kitchen counter; his making Victim watch pornographic videos on his phone; and his picking Victim up by the throat until she passed out. Affidavit of Probable Cause, 11/22/2013. The trial court held that such notice was sufficient to satisfy Rule 404(b)(3), as the testimony at trial would not have come as a surprise to Appellant. Trial Court Opinion, 7/1/2015, at 4.

Appellant suggests that the notice was negated by the Commonwealth's subsequent instruction to Victim, when she testified at Appellant's preliminary hearing, to confine her testimony to Bradford incidents. Appellant's Brief at 23 (citing N.T., 1/15/2014, at 35). Appellant claims that this limitation intimated that the Commonwealth would not later introduce evidence of Kentucky incidents. *Id.*

The purpose of the preliminary hearing is to determine whether the Commonwealth has sufficient evidence to make out a *prima facie* case against the accused; not to offer the defendant a preview all of the evidence it will offer at trial. *See*, *e.g.*, *Com. ex rel. Maisenhelder v. Rundle*, 198 A.2d 565, 567 (Pa. 1964) ("The primary reason for the preliminary hearing is to protect an individual's right against unlawful arrest and detention."). Appellant cites no authority for the proposition that the Commonwealth has the burden to offer at the preliminary hearing all of the evidence supporting

the affidavit of probable cause on pain of losing the ability to offer the evidence at trial, and we have found none.

Rather, it appears that Appellant was plainly put on notice that the Commonwealth had evidence, in the form of Victim's testimony, of Appellant's abuse of her in Kentucky. We therefore conclude that the trial court did not err in holding that Appellant had notice that the Commonwealth might elicit testimony concerning those incidents at trial sufficient to satisfy the requirements of Rule 404(b)(3). *See Lynch*, 57 A.3d at 126 (holding that no unfair surprise was present, and the notice requirement thus was satisfied, when the other acts at issue were included in the affidavit of probable cause).

Because Appellant has failed to establish that the trial court erred or abused its discretion in allowing Victim to testify about Appellant's other bad acts that took place in Kentucky, he is entitled to no relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/23/2017