J-S71030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| NICHOLAS MUNOZ | |
| Appellant | No. 668 EDA 2017 |

Appeal from the Judgment of Sentence Entered December 22, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0002396-2015

BEFORE:  PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED JANUARY 12, 2018**

Appellant, Nicholas Munoz, appeals from the December 22, 2016 judgment of sentence imposing an aggregate six to twelve years of incarceration for multiple counts of unlawful possession of a firearm, endangering the welfare of a child, and possession of drug paraphernalia.[1] We affirm.

The trial court summarized the pertinent facts:

> On August 27, 2015, at approximately 9:29 p.m., Pocono Mountain Regional Police Department Officer Robert Sheranko responded to a call at Dunkin Donuts in Mount Pocono, Pennsylvania, following a report of an intoxicated male and female with an infant child.  Upon responding, Officer Sheranko failed to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]   18 Pa.C.S.A. §§ 6105, 6106, 4304, and 35 P.S. § 780-113(a)(32), respectively.

locate these individuals. Officer Sheranko returned to the Dunkin Donuts location at approximately 11:08 p.m. after receiving a second call. At that time, Officer Sheranko observed a light colored Nissan with the engine running and a person later identified as [Appellant] sitting in the driver's seat. There was a passenger seated in the front seat and a young child secured in a car seat in the rear seat of the vehicle. [Appellant] appeared visibly impaired and under the influence of alcohol or a controlled substance. Officer Sheranko made contact with [Appellant] and asked him to submit to field sobriety tests. [Appellant] failed all tests. He was arrested and taken to Monroe County DUI Center.

A glass marijuana bowl was observed in plain view on the vehicle center console by Officer Sheranko. When Officer Sheranko returned to the Dunkin Donuts parking lot, he observed weapon cases in plain view located in the back seat of the vehicle. The officers decided to request a search warrant for the vehicle because of the glass marijuana pipe and the weapon cases they were able to see inside. The vehicle was impounded and transported to Pocono Mountain Regional Police Headquarters. A search warrant was obtained and Officer Sheranko, Corporal Nero and Detective Boheim searched the vehicle on August 28, 2015. After finding several firearms in the trunk of the vehicle, Officer Sheranko, Corporal Nero and Detective Boheim realized the search was going to take longer than they expected, so they secured the vehicle. Officer Sheranko, Corporal Nero and Detective Boheim conducted a full search of the vehicle on October 29, 2015. The search yielded a total of 10 firearms throughout the vehicle, including one which was loaded in a lock box under the driver's seat.

Trial Court Opinion, 3/30/17, at 2-3 (record citations omitted).

Prior to trial, Appellant filed a motion *in limine* to exclude prior bad acts evidence—a Carbon County, Pennsylvania DUI arrest that occurred shortly before the offenses presently at issue. The trial court denied the motion, and Appellant proceeded to a jury trial on October 11 and 12, 2016. The jury found Appellant guilty of the aforementioned charges but not guilty of driving

under the influence.  Appellant filed this timely appeal, in which he presents

three questions for our review:

> 1. Did the trial court commit error by permitting the Commonwealth to introduce [Pa.R.E.] 404(b) evidence while failing to provide defense counsel with adequate notice?
>
> 2. Did the trial court commit error when it found that the Commonwealth's providing discovery of offenses in another jurisdiction was sufficient to place defense counsel on notice that the Commonwealth intended to introduce [Pa.R.E.] 404(b) evidence in its case in chief?
>
> 3. Should [Appellant] be found eligible for the Recidivism Risk Reduction Incentive Act, as the Court found that his current charges made him ineligible for the program and **Commonwealth v. Cullen-Doyle** [164 A.3d 1239 (Pa. 2017)] recently found that there has to be a history of violent offenses in order to make him ineligible for the program?

Appellant's Brief at 6.[2]

Because Appellant's first two issues challenge the trial court's decision

to admit prior bad acts evidence, we will consider them together.  We review

a trial court's decision to admit or deny evidence for abuse of discretion or

error of law.  **Commonwealth v. Lopez**, 57 A.3d 74, 81 (Pa. Super. 2012),

**appeal denied**, 62 A.3d 379 (Pa. 2013).  "Thus our standard of review is very

narrow. To constitute reversible error, an evidentiary ruling must not only be

erroneous, but also harmful or prejudicial to the complaining party."  **Id.**

Rule 404(b) of the Pennsylvania Rules of Evidence permits admission of

prior bad acts evidence in certain circumstances.  Rule 404(b)(3) requires the

---

[2]  We note with disapproval that the Commonwealth failed to file a brief.

Commonwealth to provide the defense reasonable notice of its intent to introduce such evidence:

> In a criminal case the prosecutor must provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence the prosecutor intends to introduce at trial.

Pa.R.E. 404(b)(3). "The purpose of this rule is to prevent unfair surprise, and to give the defendant reasonable time to prepare an objection to, or ready a rebuttal for, such evidence. However, there is no requirement that the "notice" must be formally given or be in writing in order for the evidence to be admissible." *Commonwealth v. Lynch*, 57 A.3d 120, 125–26 (Pa. Super. 2012) (internal citations and quotation marks omitted), *appeal denied*, 63 A.3d 1245 (Pa. 2013). We have held that sufficient notice exists where the prior bad acts evidence was discussed during a preliminary hearing or where the defense received the evidence in discovery. *Commonwealth v. Stallworth*, 781 A.2d 110, 118 n.2 (Pa. 2001); *Commonwealth v. Mawhinney*, 915 A.2d 107, 110 (Pa. Super. 2006), *appeal denied*, 932 A.2d 1287 (Pa. 2007).

In *Lynch*, the Commonwealth introduced evidence of sexual conduct between the defendant and the victim that pre-dated the charged conduct. *Lynch*, 915 A.2d at 109. The Commonwealth did not provide formal notice of its intent to introduce such evidence, but the prosecutor claimed that he discussed it with defense counsel and provided it in discovery. *Id.* at 109-10.

The trial court admitted the evidence and this Court found no abuse of discretion. *Id.* at 110.

Appellant does not dispute that the Carbon County arrest was discussed during the preliminary hearing and that the Commonwealth provided discovery related to the Carbon County arrest. Nonetheless, he argues that he had no notice of the Commonwealth's intent to introduce evidence of the Carbon County prosecution. Appellant argues *Lynch* is distinguishable because the defense received discovery of a course of conduct that took place over a five-year period, and because the victim testified about the prior bad acts at the preliminary hearing. Appellant's Brief at 11. Appellant concludes:

> There was discussion of the pending case in Carbon County with respect to plea negotiations, determining what the plea offer in the other county was and whether one case could be run consecutive to the other. The Commonwealth did indicate that she wished to use the arrest in Carbon as evidence of a continuing course of conduct.

*Id.* We find Appellant's argument unavailing. *Lynch* is directly on point and controlling because there, as here, the prior bad acts evidence was discussed at the preliminary hearing and produced in discovery.

Similarly, Appellant argues that *Mawhinney* is distinguishable because the pre-trial discussion of the prior bad acts evidence was more extensive than it was in the instant case. Instantly, however, Appellant's arrest in Carbon County took place only one week before his arrest in the instant matter. Thus, little information was available, but what was available was produced. The record reflects that "[o]n April 22 [2016], Defense was provided with

additional discovery related to that Carbon County incident, including the incident reports, police criminal complaint, lab tests, DRE report, as well as an additional discovery letter." N.T. Trial, 10/11/16, at 5-6. Appellant's attempt to distinguish **Mawhinney** is unpersuasive.

Appellant also complains that the Commonwealth did not provide a formal, written notice of intent, but our case law makes clear that no such formal notice is required. **Lynch**, 57 A.3d at 125–26. For all of the foregoing reasons, we conclude that the trial court did not abuse its discretion in admitting the prior bad acts evidence. Appellant's first two arguments lack merit.

In his third argument, Appellant asserts that the trial court erred in ruling that he is ineligible for the Recidivism Risk Reduction Incentive ("RRRI") program.[3] Appellant failed to include this issue in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. **See** Appellant's Pa.R.A.P. 1925(b) statement, 3/17/17. Nonetheless, we have held that "[a] challenge to a trial court's failure to impose an RRRI sentence implicates the legality of the sentence." **Commonwealth v. Finnecy**, 135 A.3d 1028, 1033

---

[3] 61 Pa.C.S.A. §§ 4501-4512.

(Pa. Super. 2016), ***appeal denied***, 159 A.3d 935 (Pa. 2016).[4] Thus, the issue is not subject to waiver.

An offender is eligible for RRRI if, among other things, he "[d]oes not demonstrate a history of present or past violent behavior." 61 Pa.C.S.A. § 4503 ("Eligible Offender" (1)). Instantly, the trial court deemed Appellant ineligible based on his current offenses—endangerment of a child and unlawful firearm possession. Appellant argues there is no history of violent behavior because the sole basis for his ineligibility is his current offenses. He relies on our Supreme Court's recent opinion in ***Commonwealth v. Cullen-Doyle***, 164 A.3d 1239 (Pa. 2017). There, the Supreme Court held that the trial court erred in deeming the defendant ineligible for RRRI based on a single conviction for burglary—the offense at issue in that case. In other words, a "single, present conviction for a violent crime does not constitute a history of violent behavior" so long as the offense does not appear in § 4503's list of

---

[4] This rule originated with this Court's opinion in ***Commonwealth v. Robinson***, 7 A.3d 868, 870-71 (Pa. Super. 2010), wherein this Court held that the trial court's failure to make a determination as to the defendant's RRRI eligibility implicates the legality of the sentence. In ***Robinson***, the trial court ignored the issue. Instantly, in contrast, the trial court considered the issue and found Appellant to be ineligible. We observe that one panel of this Court has questioned the breadth and workability of the holding in ***Robinson***. ***Commonwealth v. Tobin***, 89 A.3d 663, 670 (Pa. Super. 2014). Nonetheless we must adhere to ***Robinson***, as construed in ***Finnecy***, unless and until we receive further guidance from an *en banc* panel of this Court or our Supreme Court.

disqualifying offenses. *Id.* at 1244.[5] Among the list of disqualifying offenses is unlawful possession of a firearm under Chapter 61 of the Crimes Code. 61 Pa.C.S.A. § 4503 ("Eligible Offender" (2)). The *Cullen-Doyle* Court noted that burglary is not on the list of disqualifying offenses. *Cullen-Doyle*, 164 A.3d at 1243. Instantly, in contrast, Appellant has been convicted of multiple violations of Chapter 61 of the Crimes Code (18 Pa.C.S.A. §§ 6105 and 6106) for his unlawful possession of **ten** firearms. Thus, *Cullen-Doyle* is inapposite and the trial court did not err in finding Appellant ineligible for RRRI.

In summary, we have concluded that each of Appellant's issues lacks merit. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/18

---

[5] Issue preservation was not in dispute in *Cullen-Doyle*. The Supreme Court resolved the issue before it as a matter of statutory interpretation and did not address *Robinson* and its progeny.