# COMMITTEE ON RULES OF EVIDENCE
# ADOPTION REPORT

## Amendment of Pa.R.E. 404(b)

On December 2, 2021, the Supreme Court amended Pennsylvania Rule of Evidence 404 concerning the prosecutor's notice of intended use of evidence of other crimes, wrongs, or acts in criminal cases. The Committee on Rules of Evidence has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, Comment. The statements contained herein are those of the Committee, not the Court.

Effective December 1, 2020, Federal Rule of Evidence 404(b) was amended to primarily impose additional notice requirements on the prosecution in criminal cases when evidence of other crimes, wrongs, or acts, *i.e.*, "prior bad acts," is sought to be introduced. The amendment changed the title of the rule, the title to paragraph (b), and the rule text of paragraph (b)(1).

F.R.E. 404 was also amended to create a new paragraph (b)(3) to require the prosecutor to give the defendant pretrial written notice describing the specific act and explaining the relevance of the prior bad act for a non-propensity purpose. This is heightened from the previous requirement that the defendant request notice from the prosecutor and for the notice to be of the general nature of the evidence. New paragraph (b)(3) also provides a good cause exception for the pretrial written notice requirement.

The Committee considered the merits of the amendment of F.R.E. 404(b), as they may now differ from Pa.R.E. 404(b). Currently Pa.R.E. 404(b)(3) requires pretrial notice to the defendant, but is silent on whether the notice must be in writing. *See, e.g., Commonwealth v. Mawhinney*, 915 A.2d 107 (Pa. Super. 2006) (no requirement under Pa.R.E. 404(b) that notice be in writing). Further, the notice must be of the general nature of the prior bad act, which is ostensibly less detail than will be required by amended F.R.E. 404(b)(3).

The Committee believed there was merit in requiring notice from the prosecutor to be in writing, as well as the notice containing additional information, *i.e.*, the nature, purpose, and reason for the evidence. Such a requirement appeared reasonable, fair to the defendant, and would not unduly burden the prosecution. These changes would facilitate pretrial resolution of contested issues rather than deciding them midtrial. Secondarily, the Committee believed there was benefit in having Pa.R.E. 404(b) aligned, to the extent practicable, in its requirements as F.R.E. 404(b).

Paragraph (b)(3)(B) of the federal rule requires the prosecutor to "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and

the reasoning that supports the purpose." The Committee favored the additional content, but believed the requirements could be more succinctly stated within the confines of the existing rule.

Accordingly, the Committee proposed amending the rule's titles and making other non-substantive changes, as well as amending Pa.R.E. 403(b)(3) to require written notice of the specific nature of the other crime, wrong, or act, the permitted use of the evidence under paragraph (b)(2), and the reasoning for its use. This proposal was published for comment at 50 Pa.B. 7275 (December 26, 2020); three comments were received.

One respondent supported the proposed amendments and suggested further revisions to paragraph (b)(2) (Permitted Uses), believing that the "other purpose" exception was not being applied with rigor and, as a result, propensity evidence was being admitted for non-specific purposes. The Committee considered this point and concluded that any changes to paragraph (b)(2) would be outside the scope of the proposed rulemaking. The Committee will continue to monitor the case law regarding application of this exception and propose future rulemaking if warranted.

Another respondent endorsed the proposal, contending that it imposed a minimal burden on the prosecution because the prosecution would be required to disclose the same information when seeking the introduction of prior bad acts at trial.

The final respondent supported the proposal because it would avoid any ambiguity as to the reason for using this evidence and should decrease trial disruptions through greater use of motions *in limine*. The respondent also suggested that the "good cause" exception for written pretrial notice in paragraph (b)(3) be clarified or removed, contending that the exception could swallow the rule and eliminate any benefit provided by a written notice requirement.

Preliminarily, the Committee noted that the good cause exception currently exists in the rule, but reconsidered recommending its retention in the amended rule. One perspective was that the prosecutor should have possessed sufficient evidence prior to trial to proceed. Evidence of prior bad acts discovered during the course of trial should not be necessary if the prosecutor believed there was sufficient evidence to obtain a conviction prior to trial. Hence, any additional evidence of prior bad acts discovered during trial would likely be cumulative of what the prosecutor already possessed to prove guilt. Therefore, there is no need for a good cause exception.

In contrast, a good cause exception accommodates instances where a witness at trial may unexpectedly mention a prior bad act. Obviously, where the prior bad act is a matter of public record, *e.g.,* criminal conviction, professional license revocation, then little good cause would exist to excuse a lack of due diligence prior to trial. However, there are occasions where the acts are not public and only learned through witness testimony,

2

especially those involving children who reveal information over the course of time, including at trial. Further, the trial judge can determine whether good cause exists based upon the facts of the case. Ultimately, the Committee favored retaining the good cause exception and relying upon the exercise of judicial discretion.

The respondent also expressed concern that the use of prior bad act evidence is so prejudicial to the defense that cautionary instructions are often ineffective. Jurors may use that evidence for propensity purposes notwithstanding instructions from the judge.

The Committee does not disagree with the prejudicial effect of prior bad acts evidence and the risk that it will be used for propensity purposes. Pa.R.E. 404(b)(2) requires the rejection of evidence of prior bad acts in criminal cases when the prejudicial effect outweighs the probative value. This is a lesser standard than applicable to F.R.E. 404(b), which requires rejection when the prejudicial effect *substantially* outweighs the probative value. *See* F.R.E. 403. As indicated in the Comment to Pa.R.E. 404(b)(2), Pennsylvania case law permits the judge to consider giving a cautionary instruction to mitigate the potential for prejudice. *See, e.g., Commonwealth v. LaCava*, 666 A.2d 221 (Pa. 1995) ("Moreover, the possible prejudicial effect of a reference to a defendant's prior criminal conduct may, under certain circumstances, be removed by an immediate cautionary instruction to the jury."). However, nothing in the rule suggests that all potential for prejudice can be eliminated with jury instructions. That determination is left to the discretion of the judge. As such, the rule contemplates there may be instances where instructions are insufficient to overcome the potential for prejudice. Relatedly, Pennsylvania law presumes that juries follow the trial court's instructions. *See, e.g., Commonwealth v. Jones*, 668 A.2d 491, 503-504 (Pa. 1995).

Post-publication, paragraph (b)(3) was revised to include the phrase, "so that the defendant has a fair opportunity to meet it." This phrase is presently contained in F.R.E. 404(b)(3)(A) and would establish a temporal requirement for the written notice of prior bad acts, measured not by a unit of time, but determined by whether the notice provides an adequate amount of time to oppose its admission. The phrase is also found in Pa.R.E. 609(b)(2) and 902(11).

Relatedly, the Comment was revised to expound on what is a sufficient amount of time to oppose the admission of prior bad acts, the proponent's ability to be excused from the pretrial requirement for good cause, and remedial efforts when good cause exists. This language is based upon similar commentary from the federal rule counterpart and conformed to Pennsylvania practice. A citation to *Commonwealth v. Hicks*, 91 A.3d 47, 53-55 (Pa. 2014) was included for the notion that the admissibility of such evidence may not be determined prior to trial.

This amendment becomes effective April 1, 2022.