J-A26024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACHARY E. BARE | : | |
| | : | |
| Appellant | : | No. 1997 EDA 2020 |

Appeal from the Judgment of Sentence Entered September 25, 2020
In the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0004390-2019

BEFORE: BOWES, J., STABILE, J., and McCAFFERY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 1, 2022**

Appellant, Zachary E. Bare, appeals from the judgment of sentence imposed on September 25, 2020 in the Court of Common Pleas of Chester County following his conviction of driving under the influence ("DUI") and reckless driving.[1]  Appellant challenges the sufficiency and weight of the evidence; asserts the trial court improperly considered Appellant's refusal to submit to a blood test as consciousness of guilt; and contends the trial court abused its discretion in imposing Appellant's sentence.  Following review, we affirm.

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 3714(a), respectively.

The trial court aptly summarized the underlying facts of this case as follows:

> In the early morning hours of November 8, 2019, Appellant was arrested and charged with DUI (General Impairment) and Careless Driving in downtown West Chester, PA, Chester County. West Chester Borough Police Officer Samantha Long's attention was drawn to Appellant when he made a right turn from High Street onto East Market Street at a high rate of speed causing his car tires to screech and narrowly avoiding hitting a parked car. Appellant's driving and later interactions with the officer were captured on video and that video was presented at trial. ***See*** Video, Exhibit C-1.
>
> The officer pulled behind Appellant and activated her lights and siren. Appellant did not stop immediately but proceeded for a distance before turning onto a side street and stopping. Officer Long testified that when she approached the driver's side of the vehicle, she detected the odor of an alcoholic beverage. She also observed that [Appellant's] eyes were bloodshot and glassy. When she asked for his license and registration, she had to point out to Appellant that he had the "pink slip" or temporary registration in his hand and was overlooking it. Appellant was argumentative when asking why he was stopped. When asked to exit the vehicle, Appellant refused. He was given several opportunities and several minutes to do so, but had to be physically removed by police officers. Appellant maintained that he had not consumed any alcoholic beverages that evening.
>
> Officer Long testified that she arrested Appellant and placed him in the rear of her police vehicle and indicated that she then noticed the odor of alcoholic beverages in that vehicle. She read Appellant the DL-26 notice and warnings regarding the civil penalty of license suspension for refusal to submit to a chemical test of his blood. He continually asked for an attorney though the warnings included the information that Appellant was not entitled to an attorney. A refusal to the chemical test was noted.

Trial Court Opinion, 1/27/21, at 2-3.

Appellant proceeded to a bench trial on July 8, 2020. The trial court found him guilty of both DUI and reckless driving. On September 25, 2020,

the court sentenced Appellant to 15 days to six months of county incarceration and a $300 fine on the DUI conviction, and imposed a $25 fine for reckless driving. Appellant filed post-sentence motions that were denied on October 8, 2020. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks this Court to consider four issues on appeal:

1. Were the verdicts of guilty by the [trial court] for driving under the influence of alcohol, general impairment/refusal and careless driving, a summary offense[,] not supported by sufficient evidence?

2. Were the verdicts of guilty by the [trial court] for driving under the influence of alcohol, general impairment/refusal and careless driving, a summary offense[,] against the weight of the evidence?

3. Did [the trial court] err in finding [Appellant's] denial of having anything to drink that night to be dishonest and thus to be evidence of consciousness of guilt? Did [the trial court] err in [finding] the refusal of [Appellant] to submit to a blood test consciousness of guilt? Did this violate Pa.C.S.A. [§] 1547(e), precluding a presumption of guilty from the refusal of the breath test? Did these errors warrant a new trial?

4. Did [the trial court] err and abuse [its] discretion in sentencing [Appellant] above the sentencing guidelines to fifteen days to six months of incarceration on the [DUI] charge since the offense gravity score was 1 with a prior record score of 0, with a guideline recommendation of restorative sanctions? Were no adequate reasons stated as to why the guidelines were exceeded? Did the court err in treating this [DUI] as a second offense since [Appellant] had a prior A.R.D. for [DUI] in 2014, in violation of **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super.[] 2020)[?] Did [the trial court] err in treating the prior A.R.D. as an aggravating factor? Did [the trial court] fail to consider [Appellant's] rehabilitative needs, his excellent work as a businessman with stores in Philadelphia and West

- 3 -

> Chester, his charitable work and the fact there was no evidence [Appellant] had an alcohol problem?

Appellant's Brief at 11-13 (some citations and capitalization omitted).

In his first issue, Appellant challenges the sufficiency of the evidence supporting his convictions. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

As this Court has explained:

> Our standard of review for a challenge to the sufficiency of evidence is to determine whether, when viewed in a light most favorable to the verdict winter, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt.

*Commonwealth v. Akhmedo*, 216 A.3d 307, 322 (Pa. Super. 2019) (*en banc*) (citation omitted).[2] "[T]he trier of fact, in this case the trial court, is free to believe all, part, or none of the evidence presented when making credibility determinations. In deciding a sufficiency of the evidence claim, this court may not reweigh the evidence and substitute our judgment for that of

_____

[2] Key to this Court's review of a sufficiency challenge is the well-established requirement that the evidence and reasonable inferences are to be viewed in a light most favorable to the verdict winner. While Appellant presents a detailed Statement of the Case spanning 27 pages of his brief, he presents those "facts" in a light entirely favorable to himself. As such, his Statement of the Case does not aid this Court in its consideration of Appellant's sufficiency challenge.

the fact-finder." ***Commonwealth v. McClellan***, 178 A.3d 874, 878 (Pa. Super. 2018) (citations omitted).

With regard to DUI (general impairment), "[a]n individual may not drive, operate or be in actual physical control of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1). In this case, the trial court concluded that the evidence was sufficient to find Appellant guilty. The court found that Officer Long's testimony relating to Appellant's alcohol consumption and impairment was credible, noting specifically:

- Appellant's window was open when Officer Long first approached the vehicle. Upon nearing Appellant, she immediately noted a strong odor of an alcoholic beverage. After Appellant was secured in the patrol vehicle, she noted the odor of alcohol was also in the patrol vehicle. In her dealings with Appellant while he was in the car and out of it, she determined the odor was emanating from his person.

- Appellant spoke with altered speech and presented with bloodshot and glassy eyes.

- Appellant had difficulty locating his documents and Officer Long had to direct his attention to the document he was holding in his hand.

- Appellant refused to exit the vehicle as instructed. During this time, Appellant did not offer any reasons for his failure to comply except his continuing challenge to the initial traffic stop. After multiple requests, officers forcibly took Appellant out of the vehicle and placed him under arrest.

- Officer Long read the DL-26 to Appellant. In the instructions, Appellant was notified that he was not entitled to an attorney prior to deciding if he would consent to a blood draw.

> Immediately after being given the instruction, Appellant demanded an attorney. When the officer again stated he could not have an attorney Appellant responded, "What do you mean, no?"

Trial Court Opinion, 1/27/21, at 7-8 (references to Notes of Testimony and exhibits omitted). The court explained that it found Officer Long credible and that her testimony was corroborated by the video presented at trial. Considering the officer's testimony, the video evidence, and drawing inferences favorable to the Commonwealth, the court found "there was sufficient evidence in the record to support [its] determination that Appellant consumed alcohol prior to the traffic stop, and that Appellant was impaired and unable to drive safely due to his alcohol consumption." *Id.* at 8-9.

With regard to careless driving, "[a]ny person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving[.]" 75 Pa.C.S.A. § 3714(a). Here, the trial court explained:

> At approximately 2:00 a.m. on November 8, 2019, Appellant was driving and was subsequently stopped by Officer Samantha Long of the West Chester Borough Police Department in Chester County, PA. The MVR Video presented by the Commonwealth depicts Appellant speeding and losing control of his vehicle while making a right turn onto East Market Street. Appellant was able to regain control and avoid striking a parked vehicle and possibly pushing it into a pedestrian walking on the sidewalk next to it. The court found that Appellant's driving, as depicted on the Video, placed both property and persons at risk of injury.
>
> We found and continue to find that the evidence presented, taken in the light most favorable to the Commonwealth, showed Appellant demonstrated a blatant disregard for the safety of persons or property by the manner in which he was driving. Consequently, we find sufficient evidence was presented by the

Commonwealth to support Appellant's conviction for Careless Driving.

Trial Court Opinion, 1/27/21, at 6 (references to Notes of Testimony and exhibits omitted).

Based on our review of the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, we discern no error of law in the trial court's determination regarding sufficiency of evidence supporting Appellant's convictions. Appellant's first issue fails.

In his second issue, Appellant contends that his convictions were against the weight of the evidence. "It has often been stated that 'a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.'" **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (quoting **Commonwealth v. Brown**, 648 A.2d 1177, 1189 (Pa. 1994)). The finder of fact, here the trial court, "is the exclusive judge of the weight of the evidence as the fact finder is free to believe all, part, or none of the evidence presented and determines the credibility of the witnesses." **Commonwealth v. Boyd**, 73 A.3d 1269, 1274 (Pa. Super. 2013) (*en banc*) (citation omitted).

In **Commonwealth v. Rogers**, 259 A.3d 539 (Pa. Super. 2021), this Court explained:

> [O]ur standard of review for a weight-of-the-evidence claim is an abuse of discretion. As we have often reminded appellants, "An appellate court's standard of review when presented with a weight

of the evidence claim *is distinct from the standard of review applied by the trial court*. Appellate review of a weight claim is a review of the exercise of discretion, *not of the underlying question of whether the verdict is against the weight of the evidence*." ***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017) (emphasis added).

***Id.*** at 541.

While Appellant acknowledges that a motion for a new trial based on weight of the evidence concedes there is sufficient evidence to sustain the verdict, ***see*** Appellant's Brief at 64, he argues that there was no evidence to support his DUI conviction, ***id.*** at 65. ***See also id.*** at 68 ("A hard and cold review of the evidence reveals nothing other than the officer supposedly smelling the odor of alcohol.") However, citing the officer's testimony and video evidence, the trial court rejected Appellant's assertion. ***See*** Trial Court Opinion, 1/27/21, at 11-15. The court concluded that the record demonstrated ample evidence of consumption and resulting impairment. We find no abuse of discretion in this conclusion.

Appellant also argues that his careless driving conviction should shock the conscience of *this* Court "because of simple negligence of going around the corner while putting a new car in the wrong gear." Appellant's Brief at 69.[3] Citing the evidence, and the video in particular, the court concluded that

---

[3] As the Commonwealth correctly recognizes, "[I]t is the trial court's sense of justice that must be shocked before a new trial may be granted on a claim that the verdict is against the weight of the evidence. It is irrelevant that the appellate court's sense of justice may be shocked." Commonwealth Brief at

*(Footnote Continued Next Page)*

evidence supported its conclusion that Appellant was guilty of careless driving. Trial Court Opinion, 1/27/21, at 10-11.  We find no abuse of discretion in the trial court's determination.  Appellant's weight of the evidence claim fails.

In this third issue, Appellant contends that the trial court erred in its "decision to convict basing the conviction on [its] finding [Appellant] to be dishonest, and that was evidence of consciousness of guilt[.]"  Appellant's Brief at 69.  He further argues that the court "erred in finding [Appellant's] refusal of the blood test to be consciousness of guilt." *Id.*  Appellant maintains the court's findings equate to "presumptions" violating  75 Pa.C.S.A. § 1547(e) and require a reversal.

Section 1547 governs chemical testing for determining the amount of alcohol or controlled substances in one's system.  Subsection (e) provides:

> **(e) Refusal admissible in evidence.--**In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3802 or any other violation of this title arising out of the same action, the fact that the defendant refused to submit to chemical testing as required by subsection (a) may be introduced in evidence along with other testimony concerning the circumstances of the refusal.  *No presumptions shall arise from this evidence but it may be considered along with other factors concerning the charge.*

75 Pa.C.S.A. § 1547(e) (emphasis added).[4]

_____

24 (citing **Commonwealth v. Sullivan**, 820 A.2d 795, 807 n. 11 (Pa. Super. 2003)).

[4] Our Supreme Court rejected a constitutional challenge to the admission of evidence of refusal in **Commonwealth v. Bell**, 211 A.3d 761, 776 (Pa. 2019) ("we conclude the 'evidentiary consequence' provided by Section 1547(e) for

*(Footnote Continued Next Page)*

- 9 -

The trial court found Appellant's denial of consuming alcohol incredible while finding credible the officer's testimony that she detected the odor of alcohol. N.T., Trial, 7/8/20, at 73. Appellant's lack of credibility coupled with his belligerent behavior and refusal to submit to biochemical testing—along with his demands for counsel despite being advised he was not entitled to counsel—led the trial court to conclude he was incapable of safe driving. Despite Appellant's assertions to the contrary, a review of the record and the trial court's opinion confirms that the trial court did not *presume* guilt. Rather, in conformance with Section 1547(e), the trial court properly considered the refusal along with other evidence in finding—not *presuming*—consciousness of guilt. Appellant fails to appreciate the difference between findings and presumptions. Appellant's third issue fails for lack of merit.

In the five subparts of his fourth and final issue, Appellant presents challenges to the discretionary aspects of his sentence. In essence, Appellant contends the trial court erred by imposing an excessive sentence without stating or considering reasons for exceeding the guidelines, while improperly taking an earlier A.R.D. for DUI into consideration.

---

refusing to submit to a warrantless blood test—the admission of that refusal at a subsequent trial for DUI—remains constitutionally permissible post-*Birchfield*[ *v. North Dakota*, 136 S.Ct. 2160 (2016)].").

As the trial court correctly observed, "Sentencing is a matter vested in the sound discretion of the sentencing judge." Trial Court Opinion, 1/27/21, at 23 (quoting **Commonwealth v. Barnes**, 167 A.3d 110, 122 n.9 (Pa. Super 2017) (*en banc*) (citations omitted)). The court also noted the great deference given to the sentencing court "because it is in the best position to view an appellant's character, displays of remorse, defiance, indifference, and the overall effect and nature of the crime." **Id.** (citing **Commonwealth v. Allen**, 24 A.3d 1058, 1065 (Pa. Super. 2011)). "Reversal of a sentencing court's sentence is not appropriate unless Appellant can demonstrate a manifest abuse of discretion." **Id.** (citing **Commonwealth v. Hermanson**, 674 A.2d 281, 283 (Pa. Super. 1996)).

In **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006), this Court explained:

> Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in a four-pronged analysis. In **Commonwealth v. Hyland**, 875 A.2d 1175, 1183 (Pa. Super. 2005), this Court stated:
>
> > Challenges to the discretionary aspects of sentencing do not entitle an appellant to appellate review as of right. **Commonwealth v. Sierra**, 752 A.2d 910, 912 (Pa. Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:
> >
> > > [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 1410 [now Rule 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether

> there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> *Hyland*, 875 A.2d at 1183 (quoting *Commonwealth v. Martin*, 416 Pa. Super. 507, 611 A.2d 731, 735 (1992)). "Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing." *Id.* (citations omitted).

*Id.* at 533-34.

Here, Appellant filed a timely appeal, raised the issue at sentencing and in a post-sentence motion, and included the requisite Rule 2119(f) statement in his brief. Further, the Commonwealth notes it is "constrained to agree that [Appellant] has raised a substantial question" by alleging the trial court considered improper factors when imposing his sentence. Commonwealth Brief at 35 (citations omitted). For purposes of our review, we accept that Appellant has raised a substantial question. Therefore, we shall consider Appellant's sentencing claims.

The first four subparts of Appellant's sentencing issue stem from the trial court's imposition of a 15-day to six-month period of incarceration. Appellant contends the court abused its discretion in that regard in light of the offense gravity score of 1 and Appellant's prior record score of 0. Appellant believes the guidelines were exceeded and that the trial court considered his DUI as a second conviction, counting his prior A.R.D. as a prior conviction in violation of *Chichkin*.

Appellant was convicted of DUI pursuant to 75 Pa.C.S.A. § 3802(a)(1). Further, as the parties stipulated, Appellant refused chemical testing. ***See*** N.T., Trial, 7/8/20, at 36. Pursuant to 75 Pa.C.S.A. § 3803(b)(2):

An individual who violates section 3802(a)(1) where the individual refused testing of breath or chemical testing pursuant to a valid search warrant, court order or any other basis permissible by the Constitution of the United States and the Constitution of Pennsylvania, or who violates section 3802(c) or (d) and who has no prior offenses commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804.

Further, 75 Pa.C.S.A. § 3804(c)(2) provides, in relevant part:

An individual who violates section 3802(a)(1) and refused testing of breath under section 1547 (relating to chemical testing to determine amount of alcohol or controlled substance) . . . shall be sentenced as follows:

(1) For a first offense, to:

(i) undergo imprisonment of not less than 72 consecutive hours[.]

Although Appellant contends the trial court abused its discretion by not imposing a restorative sanctions sentence, that contention fails. While Appellant is correct that the guidelines suggest restorative sanctions if the court were to consider only the offense gravity score and the prior record score, he fails to acknowledge the provisions of Sections 3803(b)(2) and 3804(c)(2), which clearly provide for a sentence in excess of restorative sanctions.

The trial court explained its deviation from the suggested guidelines as follows:

We placed our reasoning on the record throughout the sentencing hearing when addressing defense counsel's arguments and during our discussion with Appellant. The court stated its reasons for its upward deviation from the suggested guidelines: (1) Appellant's continued denial that he consumed alcohol and refusal to take responsibility; (2) Appellant's lack of remorse; (3) Appellant's continuing belief that his obstructiveness during the traffic stop was warranted; (4) Appellant's prior arrest; and (5) Appellant's indifference of the risks related to drinking and driving as acknowledged through his participation in the A.R.D. program. The court made it clear to Appellant the reasons why it was imposing the sentence beyond the standard range recommended in the Sentencing Guidelines.

Trial Court Opinion, 1/27/21, at 29 (reference to Notes of Testimony omitted).

Appellant also argues that the trial court treated his DUI as a second DUI in violation of **Chichkin**, counting Appellant's prior A.R.D. for DUI in 2014 as a first conviction. When Appellant's counsel remarked at sentencing that he was "kind of surprised and shocked that [the Commonwealth is] counting the A.R.D. as some sort of conviction," N.T., Sentencing, 9/25/20, at 3, the trial court responded, "It's not. It's not counted[.]" **Id.** The court explained that while the A.R.D. did not count as a conviction, the court noted, "I can consider it as an aggravating factor." **Id.** at 4.

In its Rule 1925(a) opinion, the trial court acknowledged **Chichkin** and its holding that a DUI resolved through A.R.D. "could not be considered as a prior DUI conviction or as an acceptance of guilt." Trial Court Opinion, 1/27/21, at 25. While Appellant's participation in A.R.D. could not be considered a conviction, the court explained that it could consider the fact of a prior arrest. **Id.** at 25-26 (citing, *inter alia*, **Commonwealth v. Johnson**,

- 14 -

481 A.2d 1212, 1214 (Pa. Super. 1984) (sentencing court may properly consider previous arrests but must recognize the defendant has not been convicted of the charges)). The court explained:

> [A]s the sentencing court, we have a duty to consider and ascertain all relevant information when fashioning an individualized sentence and found that measured consideration of Appellant's prior DUI arrest was relevant for purposes of Appellant's sentencing. Therefore, we considered, for purposes of sentencing, Appellant's prior participation in rehabilitation and educational resources that were offered to him through the A.R.D. program. We find this was not an abuse of discretion to consider Appellant's prior A.R.D. for the limited purposes allowed.

*Id.* at 26 (citation and parenthetical omitted). Similarly, the court explained that it could consider the prior A.R.D. as an aggravating factor, noting the sentencing guidelines "set[] no limitation on what a court may deem to be a mitigating or aggravating factor." *Id.* (citing 204 Pa. Code § 303.1 *et seq.*). Here, the court determined that Appellant's prior arrest and A.R.D. participation were aggravating factors "because Appellant had the opportunity to experience the stress and consequences of an arrest, along with the rehabilitation programs provided through the A.R.D. program, and was not deterred from choosing to drive impaired." *Id.* at 27 (footnote omitted).

In the final subpart of his sentencing issue, Appellant argues that the trial court failed to consider his rehabilitative needs, his occupational accomplishments, his charitable works, and the lack of evidence of an alcohol problem. The court noted that the failure to weigh factors "as an appellant wished does not raise a substantial question." *Id.* at 27 (quoting

***Commonwealth v. Zirkle***, 107 A.3d 127, 133 (Pa. Super. 2014)). The court

nevertheless addressed—but rejected—the claim, stating:

> The court considered Appellant's mitigating factors, i.e., employment, charitable contributions, reputation in the community, and the lack of a prior criminal record. We also considered Appellant's allocution to the court. We balanced the above mitigating factors against Appellant's aggravating factors: his refusal to acknowledge he was driving too fast; his obstructiveness during the traffic stop; his lack of remorse; his prior arrest; his understanding of the risks of driving impaired[;] and his awareness of the legal ramifications of a DUI conviction and his continued failure to accept responsibility. After considering everything set forth above, we imposed a very individualized sentence that is specific to Appellant, and is consistent with the fundamental norms underlying the sentencing process and the Sentencing Code.

*Id.* at 28 (references to Notes of Testimony and footnotes omitted).

Having considered Appellant's various challenges to his sentence, we

conclude that the trial court did not abuse its discretion. Appellant's

sentencing issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2022

- 16 -